**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| ASHLEE E. PADGETT, Individually, and as the Mother, Next Friend, and Natural Guardian of B.L.H., a Minor, B.L.H., a Minor, by His Next Friend, ASHLEE E. PADGETT, CASEY A. BOYER and KRISTY A. MARTIN, Individually, and as the Parents, Next Friends, and Natural Guardians of S.A.B., a Minor, S.A.B., a Minor, by His Next Friends, CASEY A. BOYER and KRISTY A. MARTIN, SEAN R. GIOLITTO and CHRISTOPHER S. PENTECOST, Individually, and as the Parents, Next Friends, and Natural Guardians of N.C.G., a Minor, N.C.G., a Minor, by His Next Friends, SEAN R. GIOLITTO and CHRISTOPHER S. PENTECOST, HALEY KANIZAR, Individually, and as the Mother, Next Friend, and Natural Guardian of D.M.F., a Minor, and D.M.F. a Minor, by His Next Friend, HALEY KANIZAR, | |
| Plaintiffs, | Cause No. 3:23-cv-71 |
| v. | |
| JACOB CARL BUTLER, EVANSVILLE-VANDERBURGH SCHOOL CORPORATION, BOARD OF SCHOOL TRUSTEES OF THE EVANSVILLE-VANDERBURGH SCHOOL CORPORATION, UNIVERSITY OF EVANSVILLE, UNIVERSITY OF EVANSVILLE BOARD OF TRUSTEES, BRETT L. HAWKINS, and DAY-DRIAN M. FRANKLIN, | **NOTICE OF REMOVAL** |
| Defendants. | |

1

## NOTICE OF REMOVAL

Defendants, University of Evansville, and University of Evansville Board of Trustees (collectively referred to herein as "UE"), by counsel, hereby submit their Notice of Removal of this action, which is currently pending in the Vanderburgh County Circuit Court. As grounds for their Notice of Removal, the UE Defendants state the following:

### I. BACKGROUND AND TIMELINESS

1. On or about April 6, 2023, Plaintiffs commenced a civil action against UE, Evansville-Vanderburgh School Corporation ("School Corporation"), Board of School Trustees of the Evansville-Vanderburgh School Corporation ("School Board"), Jacob Carl Butler ("Butler"), Brett L. Hawkins ("Hawkins"), and Day-Drian M. Franklin ("Franklin") by filing a complaint in the Circuit Court for Vanderburgh County in Evansville, Indiana, Cause No.: 82C01-2304-CT-001700 (hereinafter "State Court Action").

2. UE was served on April 12, 2023. A true and accurate copy of Plaintiffs' Complaint for Damages filed in the State Court Action ("Plaintiffs' Complaint") is attached hereto as **Exhibit A – Plaintiffs' Complaint**. Because UE has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1).

3. In compliance with 28 U.S.C. § 1446(a) and Southern District of Indiana Local Rule 81-2(a) a true and accurate copy of the docket for the State Court Action with all process, pleadings, motions, orders, and all other filings filed in the State Court Action to date are attached hereto as **Exhibit B – State Court Action (Docket, Complaint, Appearance, Summons - Butler, Summons – School Corporation,**

**Summons – School Board, Summons – University of Evansville, Summons – University of Evansville Board of Trustees, Summons – Hawkins, Summons – Franklin, Certificate of Issuance of Summonses, Appearance of Attorney Patrick Shoulders, Notice of Extension to Time, Order on Motion for Extension of Time)**.

## II.     GROUNDS FOR REMOVAL – FEDERAL QUESTION

4.     Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a).  One category of cases of which district courts have original jurisdiction is cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

5.     In their complaint, Plaintiffs allege violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et. seq.* ("Title IX") and the federal child pornography statutes ("Masha's Law") found at 18 U.S.C. §§ 2251, 2252A, 2252 and/or 2255.

6.     Because Plaintiffs' Complaint presents claims under Title IX and Masha's Law, those claims present a federal question under 28 U.S.C. § 1331 within this Court's original subject-matter jurisdiction. Therefore, this case is properly removed under 28 U.S.C. § 1441(a).

7.     Because the Plaintiffs' state law claims are so related to their Title IX and Masha's Law claims that they form part of the same case or controversy under Article III of the United States Constitution, this Court also has supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367(a).

8. The United States District Court for the Southern District of Indiana, Evansville Division, is the District Court of the United States for the district and division having jurisdiction over the Vanderburgh Circuit Court. 28 U.S.C. § 94(b)(3). Therefore, this Court is the proper Court for removal of this action.

### III.   CONSENT OF THE DEFENDANTS

9. The removal statute provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

10. The Seventh Circuit has made clear that "[n]ominal or formal parties need not join in removal." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993) (*abrogated on other grounds as recognized in Carroll v. Stryker Corp.*, 658 F.3d 675, 680 n.1 (7th Cir. 2011)). "A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Id.*

11. Consent from Hawkins and Franklin is not required because they are nominal defendants. Plaintiffs' Complaint does not allege any facts providing a reasonable basis for predicting that Hawkins or Franklin will be held liable. Nor does the complaint make any allegations of wrongdoing against Hawkins or Franklin or provide any basis for obtaining relief from them. The complaint merely alleges that "Hawkins is, and was at all times relevant herein, the biological father of B.L.H., a minor, and is named as a codefendant herein to answer as to his interests, if any, in connection with this proceeding." (Exhibit A, ¶ 17). Likewise, the complaint alleges "Franklin is, and was at all times relevant herein, the biological father of D.M.F., a minor, and is named as a codefendant herein to answer as to his interests, if any, in

4

connection with this proceeding." (Exhibit A, ¶ 17).  Accordingly, Hawkins and Franklin are nominal defendants, and their consent to removal is not required.  *Shaw*, 994 F.2d at 369; *see also Cochran v. Hartford Life Ins. Co.*, No. 3:14-cv-00022-RLY-WGH, 2015 WL 332898, at *1 (S.D. Ind. Jan. 26, 2015) (finding that defendant was a nominal defendant because it could not be held liable for any claims asserted).

12. Defendants not properly served in state court at the time a petition for removal is filed need not join the petition for removal. *P. P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968).  As of the filing of this Notice of Removal, the docket for the State Court Action does not reflect proof of service on any named defendant.

13. Requiring all Defendants to sign a Notice of Removal would be a "senseless formalism." *Mechanical Rubber & Supply Co. v. American Saw & Mfg. Co.*, 810 F. Supp. 986, 989 (C.D. Ill. 1990).  It is sufficient that all defendants consent in writing to removal within 30 days after service upon them of the complaint. *Id.*

### IV.    NOTICE TO OTHER PARTIES AND STATE COURT

14. Upon filing this Notice of Renewal, UE will promptly provide a copy of this Notice of Removal to Plaintiffs, and to Defendants School Corporation, School Board, Butler, Hawkins and Franklin, at the addresses with which they were served with the Complaint, and will file a copy of this Notice of Removal with the Clerk of Courts for Vanderburgh County, Indiana.

**WHEREFORE**, Defendant University respectfully requests that the United States District Court for the Southern District of Indiana, Evansville Division, assume jurisdiction of this matter as an action properly removed.

Respectfully submitted,

**KAHN, DEES, DONOVAN & KAHN, LLP**

By: */s/ Carrie Mount Roelle*
Carrie Mount Roelle, #25191-47
**KAHN, DEES, DONOVAN & KAHN, LLP**
501 Main Street, Suite 305
Post Office Box 3646
Evansville, Indiana 47735-3646
Telephone: (812) 423-3183
Facsimile: (812) 423-3841
Email: croelle@kddk.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2023, a copy of the foregoing document was served via First Class Mail on the following parties:

Lane C. Siesky
Daniel B. Gearhart
Douglas K. Briody, *Of Counsel*
**SIESKY LAW FIRM, PC**
4424 Voegel Road, Suite 405
Evansville, Indiana 47715
*Attorneys for Plaintiffs*

Patrick A. Shoulders
**ZIEMER STAYMAN WEITZEL & SHOULDERS, LLP**
20 Northwest First Street, Ninth Floor
Post Office Box 916
Evansville, Indiana 47706-0916
*Attorneys for Defendants, EVSC and Board of Trustees of EVSC*

Jacob Carl Butler
c/o Mark Sevier, Warden
New Castle Correctional Facility
1000 Van Nuys Road
Post Office Box E
New Castle, Indiana 47362

Brett L. Hawkins
2613 Cass Avenue
Evansville, Indiana 47714

Day-Drian M. Franklin
741 Bayard Park Drive
Apartment A
Evansville, Indiana 47713

                                                                      */s/ Carrie Mount Roelle*
                                                                      Carrie Mount Roelle

                                                                              581820