STATE OF INDIANA ) 
                         ) SS:
COUNTY OF VANDERBURGH )

82C01-2304-CT-001700

## IN THE VANDERBURGH CIRCUIT COURT

| | |
|---|---|
| ASHLEE E. PADGETT, Individually, and as the Mother, Next Friend, and Natural Guardian of B.L.H., a Minor, B.L.H., a Minor, by His Next Friend, ASHLEE E. PADGETT, CASEY A. BOYER and KRISTY A. MARTIN, Individually, and as the Parents, Next Friends, and Natural Guardians of S.A.B., a Minor, S.A.B., a Minor, by His Next Friends, CASEY A. BOYER and KRISTY A. MARTIN, SEAN R. GIOLITTO and CHRISTOPHER S. PENTECOST, Individually, and as the Parents, Next Friends, and Natural Guardians of N.C.G., a Minor, N.C.G., a Minor, by His Next Friends, SEAN R. GIOLITTO and CHRISTOPHER S. PENTECOST, HALEY KANIZAR, Individually, and as the Mother, Next Friend, and Natural Guardian of D.M.F., a Minor, and D.M.F., a Minor, by His Next Friend, HALEY KANIZAR, | **COMPLAINT FOR DAMAGES (DEMAND FOR TRIAL BY JURY)** |
| Plaintiffs, | |
| v. | |
| JACOB CARL BUTLER, EVANSVILLE-VANDERBURGH SCHOOL CORPORATION, BOARD OF SCHOOL TRUSTEES OF THE EVANSVILLE-VANDERBURGH SCHOOL CORPORATION, UNIVERSITY OF EVANSVILLE, UNIVERSITY OF EVANSVILLE BOARD OF TRUSTEES, BRETT L. HAWKINS, and DAY-DRIAN M. FRANKLIN, | |
| Defendants. | JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**
**(DEMAND FOR TRIAL BY JURY)**

The Plaintiffs, Ashlee E. Padgett, individually, and as the mother, next friend, and natural guardian of B.L.H., a minor, B.L.H., a minor, by his next friend, Ashlee E. Padgett, Casey A. Boyer and Kristy A. Martin, individually, and as the parents, next friends, and natural guardians of S.A.B., a minor, S.A.B., a minor, by his next friends, Casey A. Boyer and Kristy A. Martin, Sean R. Giolitto and Christopher S. Pentecost, individually, and as the parents, next friends, and natural guardians of N.C.G., a minor, N.C.G., a minor, by his next friends, Sean R. Giolitto and Christopher S. Pentecost, Haley Kanizar, individually, and as the mother, next friend, and natural guardian of D.M.F., a minor, and D.M.F., a minor, by his next friend, Haley Kanizar ("Plaintiffs"), by counsel, Siesky Law Firm, PC, for their Complaint for Damages against the Defendants, Jacob Carl Butler, Evansville-Vanderburgh School Corporation, Board of School Trustees of the Evansville-Vanderburgh School Corporation, University of Evansville, University of Evansville Board of Trustees, Brett L. Hawkins, and Day-Drian M. Franklin, allege and state as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff Ashlee E. Padgett ("Ashlee Padgett") is, and was at all times relevant herein, a citizen of the State of Indiana and a resident of the city of Evansville, in Vanderburgh County, in the State of Indiana.

2.      Ashlee Padgett is, and was at all times relevant herein, the mother, next friend, and natural guardian of Plaintiff B.L.H., a minor ("B.L.H.").

2

3.      Plaintiffs Casey A. Boyer ("Casey Boyer") and Kristy A. Martin ("Kristy Martin") are, and were at all times relevant herein, citizens of the State of Indiana and residents of the city of Evansville, in Vanderburgh County, in the State of Indiana.

4.      Casey Boyer and Kristy Martin are the parents, next friends, and natural guardians of Plaintiff S.A.B., a minor ("S.A.B.").

5.      Plaintiffs Sean R. Giolitto ("Sean Giolitto") and Christopher S. Pentecost ("Chris Pentecost") are, and were at all times relevant herein, citizens of the State of Indiana and residents of the city of Evansville, in Vanderburgh County, in the State of Indiana.

6.      Sean Giolitto and Chris Pentecost are, and were at all times relevant herein, the parents, next friends, and natural guardians of Plaintiff N.C.G., a minor ("N.C.G.").

7.      Plaintiff Haley Kanizar ("Haley Kanizar") is, and was at all times relevant herein, a citizen of the State of Indiana and a resident of the city of Evansville, in Vanderburgh County, in the State of Indiana.

8.      Haley Kanizar is, and was at all times relevant herein, the mother, next friend, and natural guardian of Plaintiff D.M.F., a minor ("D.M.F.").

9.      At the time of the events alleged herein, all of the minors were between five (5) and eight (8) years of age.

10.     On information and belief, at the time of the events alleged herein, Defendant Jacob Carl Butler ("Defendant Butler" or "Butler") was a citizen of the

State of Indiana and a resident of the city of Evansville, in Vanderburgh County, in the State of Indiana.  On further information and belief, Defendant Butler is now a citizen of the State of Illinois and a resident of the city of Arcola, in Douglas County, in the State of Illinois.

11.     At the time of the events alleged herein, Defendant Butler was approximately twenty (20) years of age.

12.     Defendant Evansville-Vanderburgh School Corporation ("School Corporation") is, and was at all times relevant herein, a public school corporation organized and existing under the laws of the State of Indiana, having its principal place of business located at 951 Walnut Street, Evansville, Indiana 47713, in Vanderburgh County, in the State of Indiana.

13.     Defendant Board of School Trustees of the Evansville-Vanderburgh School Corporation ("School Board") is, and was at all times relevant herein, the governing body of the School Corporation, authorized and empowered by Indiana law to sue and be sued in the name of the School Corporation.  The School Corporation and the School Board are referred to herein, collectively, as "Defendant EVSC" or "EVSC."

14.     Defendant University of Evansville ("University") is, and was at all times relevant herein, a corporation organized and existing under the laws of the State of Indiana and a private, liberal arts and sciences-based university having its principal place of business located at 1800 Lincoln Avenue, Evansville, Indiana 47722, in Vanderburgh County, in the State of Indiana.

15.     Defendant University of Evansville Board of Trustees ("University Trustees") is, and was at all times relevant herein, the governing board of the University.  The University and the University Trustees are referred to herein, collectively, as "Defendant UE" or "UE."

16.     Defendant Brett L. Hawkins ("Brett Hawkins") is, and was at all times relevant herein, a citizen of the State of Indiana and a resident of the city of Evansville, in Vanderburgh County, in the State of Indiana.

17.     Brett Hawkins is, and was at all times relevant herein, the biological father of B.L.H., a minor, and is named as a codefendant herein to answer as to his interests, if any, in connection with this proceeding.

18.     Day-Drian M. Franklin ("Day-Drian Franklin") is, and was at all times relevant herein, a citizen of the State of Indiana and a resident of the city of Evansville, in Vanderburgh County, in the State of Indiana.

19.     Day-Drian Franklin is, and was at all times relevant herein, the biological father of D.M.F., a minor, and is named as a codefendant herein to answer as to his interests, if any, in connection with this proceeding.

20.     This Court has jurisdiction over this proceeding, as all or a substantial portion of the acts, events, and/or occurrences giving rise to this action took place in Vanderburgh County, Indiana.

21.     Vanderburgh County is a county of preferred venue, pursuant to Ind. Trial Rule 75(A), as the county in which the greater percentage of individual defendants included in the Complaint resides, the principal offices of one or more

defendant organizations is/are located, and/or one or more individual plaintiffs reside and the principal office of a governmental organization included as a defendant in the Complaint is located.

## GENERAL ALLEGATIONS

22.     At the time of the events alleged herein, Defendant Butler was a student at UE, pursuing a course of study intended to prepare him for a career in education.

23.     Defendants UE and EVSC are, and were at all times relevant herein, parties to a certain written Clinical Education Agreement for Student Teaching ("UE/EVSC Agreement"), commencing on August 1, 2021, by which they agreed to provide UE's students with training and experience in student teaching at the EVSC's schools.  A true and accurate copy of said Agreement is attached hereto and incorporated herein by reference as Exhibit A.

24.     Vogel Elementary School ("Vogel") is, and was at all times relevant herein, one of the EVSC's kindergarten through sixth grade schools, with its campus located at 1500 Oak Hill Road, Evansville, Indiana 47711, in Vanderburgh County, in the State of Indiana.

25.     During the First (or Fall) Semester of 2021, Defendant Butler was engaged by UE and EVSC to provide tutoring services to students at Vogel.

26.     At the time of the events alleged herein, B.L.H., S.A.B., N.C.G., and D.M.F. (collectively, the "Children") were all enrolled at and attended Vogel, with

6

S.A.B. and D.M.F. in kindergarten, N.C.G. in the first grade, and B.L.H. in the third grade.

27.     All of the Children also participated in Vogel's after school daycare program, but only B.L.H. and D.M.F. were involved in the tutoring program.

28.     In or about mid-August of 2021, Defendant Butler began tutoring elementary students at Vogel in the tutoring program in math and other subjects pursuant to the UE/EVSC Agreement.

29.     He generally tutored there two (2) days per week, typically between the hours of 3:15 p.m. and 5:00 p.m.

30.     During much of his time at Vogel, Defendant Butler was left alone with numerous children and not just children in the tutoring program.

31.     In fact, Defendant Butler was allowed to regularly follow young boys into the restroom unsupervised and without any other adult being present.

32.     On multiple days throughout the month of November 2021, and perhaps at other times, as well, Defendant Butler used the camera on his cell phone to take pictures of each of the Children (both children in the tutoring program and children in the daycare program) in various stages of undress in the school restroom.

33.     In December of 2021, an examination of Defendant Butler's cell phone disclosed numerous photos of the Children taken while in the act of urinating, with their genitals exposed in several of the pictures.

34.     Defendant Butler took one or more such photos of B.L.H. on or about November 4, 2021, and perhaps on other days, as well.

35.     Defendant Butler took one or more such photos of N.C.G. on or about November 10, 2021, and perhaps on other days, as well.

36.     Defendant Butler took one or more such photos of S.A.B. on or about November 18, 2021, and perhaps on other days, as well.

37.     Defendant Butler took one or more such photos of D.M.F. on or about November 3, 2021, again on or about December 1, 2021, and perhaps on other days, as well.

38.     At least one photo taken by Defendant Butler recorded one of the Children with his pants pulled down and his buttocks exposed.

39.     Defendant Butler has admitted to taking the photos of the Children, obtaining sexual gratification from them, and engaging in sexual acts while looking at these pictures.

40.     Between the dates of August 13, 2021, and December 2, 2021, inclusive, Defendant Butler slid his hand over D.M.F.'s genitals while D.M.F. was sitting at his desk.

41.     Between the dates of August 13, 2021, and December 2, 2021, inclusive, Defendant Butler also fondled D.M.F.'s genitals while D.M.F. was in the school restroom.

8

42.     The examination of Defendant Butler's cell phone in December of 2021 also disclosed numerous digital images of minor children engaged in sexual acts or performances, which images he apparently downloaded from the internet.

43.     The extent, if any, to which Defendant Butler has uploaded digital images of the Children, or any of them, to the internet, or otherwise shared such photos with other persons, is not presently known to the Plaintiffs, or any of them.

44.     Defendants UE and EVSC placed Defendant Butler in a position of trust with respect to youth such as the Children, and each of them.

45.     Defendant Butler exploited unique institutional prerogatives of his position of trust to sexually assault, harass, and exploit the Children, and each of them.  At the time Defendant Butler was in the course and scope of his employment and/or agency with Defendants UE and EVSC, and each of them.

## COUNT I

### Negligence *Per Se*

46.     Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

47.     Indiana Code § 35-42-4-4(b)(1) states in relevant part:

> A person who . . . knowingly or intentionally manages, produces, sponsors, presents, exhibits, photographs, films, videotapes, or creates a digitized image of any performance or incident that includes sexual conduct by a child under eighteen (18) years of age . . . commits child exploitation, a Level 5 felony. . . .

9

48.   Indiana Code § 35-42-4-4(b)(4) states in relevant part:

A person who . . . with the intent to satisfy or arouse the sexual desires of any person[,] . . . knowingly or intentionally . . . manages[,] produces[,] sponsors[,] presents[,] exhibits[,] photographs[,] films[,] videotapes; or . . . creates a digitized image of . . . any performance or incident that includes the uncovered genitals of a child less than eighteen (18) years of age . . . commits child exploitation, a Level 5 felony. . . .

49.   Indiana Code § 35-42-4-4(c)(1) states in relevant part:

However, the offense of child exploitation described in subsection (b) is a Level 4 felony if . . . the sexual conduct, matter, performance, or incident depicts or describes a child less than eighteen (18) years of age who . . . is less than twelve (12) years of age[.]

50.   Indiana Code § 35-45-4-5(b)(2) states in relevant part:

A person . . . who knowingly or intentionally peeps into an area where an occupant of the area reasonably can be expected to disrobe, including . . . restrooms[,] baths[,] showers[,] and . . . dressing rooms . . . without the consent of the other person, commits voyeurism, a Class B misdemeanor.

51.   Indiana Code § 35-45-4-5(c)(1) states in relevant part:

However, the offense under subsection (b) is a Level 6 felony if . . . it is knowingly or intentionally committed by means of a camera[.]

52.   Indiana Code § 35-42-4-3(b) states in relevant part:

A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Level 4 felony. . . .

53.   Indiana Code § 35-45-4-5(d) states in relevant part:

A person who . . . without the consent of the individual . . . and . . . with intent to peep at the private area of an individual . . . peeps at the private area of an individual and records an image by

10

means of a camera commits public voyeurism, a Class A misdemeanor.

54.     Defendants, and each of them, owed the Children, and each of them, a number of duties, including, but not limited to, refraining from photographing the Children's genitals and from photographing the Children in various stages of undress, from touching and exploiting the Children and to refrain from deriving sexually gratification from sexually exploiting and touching the Children.

55.     Defendant Butler violated his statutory duties to the Children, and each of them, in a number of ways, including, but not limited to, violating Indiana statutes including, but not limited to, those statues cited herein.

56.     Each of the Children was within the sphere of individuals that Indiana Code § 35-42-4-4(b)(1), Indiana Code § 35-42-4-4(c)(1), Indiana Code § 35-45-4-5(b)(2), Indiana Code § 35-45-4-5(c)(1), Indiana Code § 35-42-4-3(b), and Indiana Code § 35-45-4-5(d) were meant to protect.

57.     Each said statutory violation constitutes negligence *per se*.

58.     Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

59.     Defendant Butler's statutory violations were proximate causes of Plaintiffs' injuries and damages.

60.     As a proximate result of Defendants' conduct, Plaintiffs Ashlee E. Padgett and B.L.H. have suffered injuries, losses, and damages.  Specifically, Plaintiff B.L.H. has undergone or will undergo medical and/or other health care

treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity. Plaintiff Ashlee E. Padgett has incurred or will incur medical bills and expenses on behalf of B.L.H., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of B.L.H.

WHEREFORE, Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT II

### Negligence

61.     Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

62.     During the First (or Fall) Semester of 2021, each of the Children was enrolled at and attended Vogel.

63.     Both N.C.G. and B.L.H. were then required to attend school subject to Indiana's Compulsory School Attendance Law, codified at Indiana Code § 20-33-2-1, *et seq.*

64.     As such, Defendants UE and EVSC accepted each of the Children into theirs care and responsibility *in loco parentis.*

65.     Accordingly, Defendants UE and EVSC owed each of the Children within its care and custody duties to act reasonably, supervise and train Defendant Butler and other employees and to provide a safe environment, and avoid harm coming to youth of such tender age.

66.     Defendants UE and EVSC negligently breached the aforementioned duties in a number of ways, including, but not limited to, the following: failing to properly screen Defendant Butler before allowing him to be in a position of trust as it relates to the Children, failing to properly train and supervise Defendant Butler and other employees and failing to inform and warn the Children and their parents of Defendant Butler and the risks of allowing the Children to participate in the tutoring and daycare programs.

67.     Defendants UE and EVSC's failure(s) to adhere to the applicable standard of care was a proximate cause of Defendant Butler's sexual assault, harassment, and exploitation of the Children, and each of them.

68.     Defendant Butler owed the Children, and each of them, a duty of reasonable care.

69.     Defendant Butler negligently breached these duties to the Children, and each of them, and abused his position of trust, in which he was placed by Defendants UE and EVSC.

70.     As a proximate result of Defendants' negligent acts, omissions, and/or conduct, Plaintiffs Ashlee E. Padgett and B.L.H. have suffered injuries, losses, and damages.  Specifically, Plaintiff B.L.H. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Ashlee E. Padgett has incurred or will incur medical bills and expenses on behalf of B.L.H., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of B.L.H.

WHEREFORE, Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT III

### Assumed Duty of Care

71.     Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully incorporate herein by this reference the material allegations contained in

paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

72.     In addition to those duties otherwise imposed by operation of Indiana law, Defendants UE and EVSC gratuitously or voluntarily assumed duties of care for the Children, and each of them, pursuant to the UE/EVSC Agreement.

73.     Defendant UE's and Defendant EVSC's assumption of a duty created a special relationship between the parties and a corresponding duty on behalf of Defendants UE and EVSC to act reasonably.

74.     Defendants UE and EVSC negligently breached their/its assumed duties to each of the Children, and said negligence proximately caused harm to Plaintiffs Ashlee E. Padgett and B.L.H.

75.     As a proximate result of Defendants' negligent acts, omissions, and/or conduct, Plaintiffs Ashlee E. Padgett and B.L.H. have suffered injuries, losses, and damages.  Specifically, Plaintiff B.L.H. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Ashlee E. Padgett has incurred or will incur medical bills and expenses on behalf of B.L.H., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of B.L.H.

WHEREFORE, Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said

Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT IV

### Negligent Infliction of Emotional Distress

76.     Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

77.     At all times relevant herein, the Defendants, and each of them, owed a duty of care to Plaintiff Ashlee E. Padgett, as the parent of Plaintiff B.L.H., to provide for the protection, care, and safekeeping of B.L.H. within a reasonable standard of care.

78.     It is irrefutably certain that Defendant Butler sexually abused B.L.H. on one (1) or more occasions between the dates of August 13, 2021, and December 2, 2021.

79.     These tortious acts were done in a secretive manner and not actually witnessed by Plaintiff Ashlee E. Padgett.

80.     Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

16

81.     Such abuse severely impacted Plaintiff Ashlee E. Padgett's emotional health.

82.     As a proximate result of Defendant Butler's acts and/or conduct, Plaintiffs Ashlee E. Padgett and B.L.H. have suffered injuries, losses, and damages. Specifically, Plaintiff B.L.H. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Ashlee E. Padgett has incurred or will incur medical bills and expenses on behalf of B.L.H. and/or herself, lost earnings, and suffered the loss of the care, love, affection, companionship, and support of B.L.H.

WHEREFORE, Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT V

### Intentional Infliction of Emotional Distress

83.     Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully incorporate herein by this reference the material allegations contained in

paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

84.     Defendant Butler's conduct, as described herein, goes beyond all possible bounds of decency, is atrocious, and is utterly intolerable in a civilized community.

85.     By engaging in the extreme and outrageous conduct described herein, Defendant Butler intentionally or recklessly caused severe emotional distress to B.L.H.

86.     Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

87.     As a proximate result of Defendant Butler's acts, omissions, and/or conduct, Plaintiffs Ashlee E. Padgett and B.L.H. have suffered injuries, losses, and damages.  Specifically, Plaintiff B.L.H. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Ashlee E. Padgett has incurred or will incur medical bills and expenses on behalf of B.L.H., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of B.L.H.

WHEREFORE, Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said

Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT VI

### Invasion of Privacy

88.     Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

89.     A person's usage of restroom facilities is typically a function afforded great privacy.

90.     B.L.H. expected to enjoy a modicum of privacy while using the school restroom, and such expectation was imminently and inherently reasonable.

91.     In peeping on B.L.H. while using the school restroom, Defendant Butler intentionally invaded or intruded upon B.L.H.'s physical space without B.L.H.'s consent.

92.     Such intrusion or invasion would be offensive or objectionable to a reasonable person, particularly where a minor child of such tender age is involved.

93.     Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

19

94.     As a proximate result of Defendant Butler's acts, omissions, and/or conduct, Plaintiffs Ashlee E. Padgett and B.L.H. have suffered injuries, losses, and damages.  Specifically, Plaintiff B.L.H. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Ashlee E. Padgett has incurred or will incur medical bills and expenses on behalf of B.L.H., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of B.L.H.

WHEREFORE, Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT VII

### Negligent Hiring, Training, and Supervision

95.     Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

96.     Defendants UE and EVSC, and each of them, owed the Children, and each of them, duties of reasonable care in the hiring, training, and supervision of their respective employees, servants, and agents to ensure that each of the very young students placed in their care, including each of the Children, were not placed in unreasonably dangerous situations or circumstances.

97.     Defendants UE and EVSC, and each of them, negligently breached the aforementioned duties by, among other things, the following acts, omissions, and/or conduct:

a.  Hiring Defendant Butler without performing reasonable background checks;

b.  Hiring Defendant Butler without performing reasonable testing to ensure that Defendant Butler was an appropriate candidate to provide for the care of very young students, including, but not limited to, each of the Children;

c.  Failing to properly train and supervise its employees, servants, and agents, including, but not limited to, Defendant Butler, to maintain dual coverage supervision of the Children, and each of them, or, in other words, failing to train its employees, servants, and agents to avoid allowing one-on-one supervision of any of the Children by Defendant Butler; and

d.  Failing to properly train its employees, servants, and agents to develop appropriate safety plans, procedures, and protocols for overseeing the activities of Defendant UE's students engaged in Clinical Education activities at Defendant EVSC's schools, including Vogel.

98.     Defendant Butler's sexual assault, harassment, and exploitation of the Children, and each of them, was reasonably foreseeable to Defendants UE and EVSC.  Indeed, it is well known that sexual predators often work or volunteer at schools and daycares in order to have access to children.

99.     Defendants UE's and EVSC's unreasonable and negligent hiring, training, and supervision of their respective employees, servants, and agents, including, but not limited to, Defendant Butler, proximately caused Plaintiffs Ashlee E. Padgett's and B.L.H.'s injuries, losses, and damages.  Specifically, Plaintiff B.L.H. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity. Plaintiff Ashlee E. Padgett has incurred or will incur medical bills and expenses on behalf of B.L.H., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of B.L.H.

WHEREFORE, Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT VIII

## Vicarious Liability

100.    Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully incorporate herein by this reference the material allegations contained in

paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

101.    At all times relevant herein, Defendants UE's and EVSC's respective employees, servants, and agents, including, but not limited to, Defendant Butler, were acting in the course and scope of their employment, authority, and/or agency with Defendant UE and/or Defendant EVSC.

102.    Pursuant to the doctrine of *respondeat superior* and/or agency law principles, Defendant EVSC is vicariously liable for the acts, omissions, and/or conduct in which its employees, servants, and/or agents, including, but not limited to, Defendant Butler, were engaged, while acting in the course and scope of their employment, authority, and/or agency.

103.    In other words, the intentional conduct, the negligent conduct, and the negligence *per se* of Defendant EVSC's employees, servants, and/or agents are imputed to Defendant EVSC.

104.    Likewise, pursuant to the doctrine of *respondeat superior* and/or agency law principles, Defendant UE is vicariously liable for the acts, omissions, and/or conduct in which its employees, servants, and/or agents, including, but not limited to, Defendant Butler, were engaged, while acting in the course and scope of their employment, authority, and/or agency.

105.    In other words, the intentional conduct, the negligent conduct, and the negligence *per se* of Defendant UE's employees, servants, and/or agents are imputed to Defendant UE.

106.    The intentional conduct, the negligent conduct, and the negligence *per se* of Defendant EVSC's and/or Defendant UE's employees, servants, and/or agents, including, but not limited to, Defendant Butler, proximately caused Plaintiffs Ashlee E. Padgett's and B.L.H.'s injuries, losses, and damages.  Specifically, Plaintiff B.L.H. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity. Plaintiff Ashlee E. Padgett has incurred or will incur medical bills and expenses on behalf of B.L.H., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of B.L.H.

WHEREFORE, Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT IX

### "Common Carrier" Liability

107.    Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully incorporate herein by this reference the material allegations contained in

24

paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

108.    Defendants UE and EVSC assumed a non-delegable duty and heightened responsibility for the protection, care, and safety of the Children, and each of them, when it accepted each of the Children into enrollment at Vogel, and, more particularly, into Vogel's after school daycare program and/or tutoring program.

109.    Each of the Children ceded his own autonomy, and indeed, the responsibility for his own safety and protection, to Defendants UE and EVSC, upon entering into enrollment at Vogel, and, more particularly, into Vogel's after school daycare program and/or tutoring program.

110.    Pursuant to the doctrine of common carrier liability, Defendants UE and EVSC are liable for the acts, omissions, and/or conduct in which its employees, servants, and/or agents, including, but not limited to, Defendant Butler, were engaged while the Children, and each of them, were upon Vogel's campus for school activities, including, more particularly, its after school daycare program and/or tutoring program.

111.    In other words, the intentional conduct, the negligent conduct, and the negligence *per se* of Defendant UE and EVSC's employees, servants, and/or agents are imputed to Defendants UE and EVSC.

112.    The intentional conduct, the negligent conduct, and the negligence *per se* of Defendants UE and EVSC's employees, servants, and/or agents, including, but

not limited to, Defendant Butler, proximately caused Plaintiffs Ashlee E. Padgett's and B.L.H.'s injuries, losses, and damages.  Specifically, Plaintiff B.L.H. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Ashlee E. Padgett has incurred or will incur medical bills and expenses on behalf of B.L.H., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of B.L.H.

WHEREFORE, Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT X

### Negligent Supervision of Child

113.   Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

114.   At all times relevant, Defendants UE and EVSC undertook the care, custody, and control of each of the Children in the absence of such supervision by each of the Children's own natural or adoptive parent(s).

115.   Defendants UE and EVSC were not any of the Children's legal guardians or custodians.  However, each of these Defendants assumed control of the routine care, oversight, and responsibility for each of the Children while in Vogel's after school daycare program and/or tutoring program.

116.   Pursuant to the doctrine of *in loco parentis*, each of these Defendants put themselves in the situation of a lawful parent by assuming the obligations incident to the parental relation at the time each of the Children was upon Vogel's campus for participation in its after-school daycare program and/or tutoring program.

117.   As such, each of these Defendants had a duty to monitor each of the Children under their supervision, including, but not limited to, Plaintiff B.L.H., with reasonable care, considering their tender age and inability to protect themselves.

118.   Defendants EVSC and UE breached their respective duties by failing to reasonably monitor and supervise each of the Children, including, but not limited to, Plaintiff B.L.H.

119.   These Defendants' failure to reasonably monitor and supervise Plaintiff B.L.H. proximately caused Plaintiffs Ashlee E. Padgett's and B.L.H.'s injuries, losses, and damages.  Specifically, Plaintiff B.L.H. has undergone or will

undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Ashlee E. Padgett has incurred or will incur medical bills and expenses on behalf of B.L.H., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of B.L.H.

WHEREFORE, Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XI

### Sexual Harassment (Title IX)

120.    Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

121.    On information and belief Defendants UE and EVSC both receive federal funding for support of certain of their respective educational programs.

28

122.    As such, Defendants UE and EVSC are both subject to the provisions

of Title IX of the Education Amendments of 1972, codified at 20 U.S.C. § 1681, *et*

*seq.* ("Title IX").

123.    Sexual misconduct against minors, whether perpetrated by college or

public school employees, volunteers, contractors, or other students, constitutes

sexual harassment which is recognized and considered as a form of discrimination

prohibited by Title IX.

124.    Defendants UE and EVSC failed to provide each of the Children,

including, but not limited to, Plaintiff B.L.H., with a safe educational environment.

125.    Defendants UE and EVSC were required under Title IX to investigate

allegations of sexual assault, sexual abuse, sexual harassment, and sexual

exploitation of its students.

126.    Defendant Butler's conduct and actions toward of the Children,

including, but not limited to, Plaintiff B.L.H., constitutes sex discrimination under

Title IX.

127.    There is no indication that Defendant UE or Defendant EVSC ever

conducted any investigation or took any action to comply with their statutory duty

while the Children were being harassed, assaulted, molested, abused, and exploited

by Defendant Butler.

128.    Rather, Defendants UE and EVSC acted with deliberate indifference,

meaning that their lack of response to the numerous warning signs were clearly

unreasonable in light of the known circumstances.

129.   The failures of Defendants UE and EVSC to promptly and appropriately investigate, remedy, and/or respond to the sexual harassment, assault, molestation, abuse, and exploitation of their minor students, despite having received actual and constructive notice of the same, subjected each of the Children, including, but not limited to, Plaintiff B.L.H., to further harassment and a sexually hostile environment, effectively denying each such child access to effective educational services.

130.   As a proximate result of the foregoing acts, omissions, and/or conduct of Defendants UE and EVSC, Plaintiffs Ashlee E. Padgett and B.L.H. have suffered injuries, losses, and damages.  Specifically, Plaintiff B.L.H. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Ashlee E. Padgett has incurred or will incur medical bills and expenses on behalf of B.L.H., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of B.L.H.

WHEREFORE, Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for reasonable

attorney's fees, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XII

### Federal Child Pornography Statutes ("Masha's Law")

131.    Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

132.    18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any minor who is a victim of a violation(s) of 18 U.S.C. §§ 2251, 2252A, and/or 2252 and who suffers personal injury as a result of such violation(s) shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000.00 per pornographic photo obtained and/or maintained in violation of federal law, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

133.    Defendant Butler violated the federal child pornography laws found at 18 U.S.C. §§ 2251, 2252A, and/or 2252.

134.    Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

135.    B.L.H. suffered personal injury as a result of Defendant Butler's violation(s) of 18 U.S.C. §§ 2251, 2252A, and/or 2252.

31

136.   B.L.H. is, therefore, entitled to recover the actual damages B.L.H. has sustained and will continue to sustain or liquidated damages in the amount of $150,000.00 per pornographic photo obtained and/or maintained in violation of federal law, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

WHEREFORE, Plaintiffs Ashlee E. Padgett and B.L.H., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for reasonable attorney's fees, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XIII

### Negligence *Per Se*

137.   Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

138.   Indiana Code § 35-42-4-4(b)(1) states in relevant part:

> A person who . . . knowingly or intentionally manages, produces, sponsors, presents, exhibits, photographs, films, videotapes, or creates a digitized image of any performance or incident that includes sexual conduct by a child under eighteen (18) years of age . . . commits child exploitation, a Level 5 felony. . . .

32

139.   Indiana Code § 35-42-4-4(b)(4) states in relevant part:

A person who . . . with the intent to satisfy or arouse the sexual desires of any person[,] . . . knowingly or intentionally . . . manages[,] produces[,] sponsors[,] presents[,] exhibits[,] photographs[,] films[,] videotapes; or . . . creates a digitized image of . . . any performance or incident that includes the uncovered genitals of a child less than eighteen (18) years of age . . . commits child exploitation, a Level 5 felony. . . .

140.   Indiana Code § 35-42-4-4(c)(1) states in relevant part:

However, the offense of child exploitation described in subsection (b) is a Level 4 felony if . . . the sexual conduct, matter, performance, or incident depicts or describes a child less than eighteen (18) years of age who . . . is less than twelve (12) years of age[.]

141.   Indiana Code § 35-45-4-5(b)(2) states in relevant part:

A person . . . who knowingly or intentionally peeps into an area where an occupant of the area reasonably can be expected to disrobe, including . . . restrooms[,] baths[,] showers[,] and . . . dressing rooms . . . without the consent of the other person, commits voyeurism, a Class B misdemeanor.

142.   Indiana Code § 35-45-4-5(c)(1) states in relevant part:

However, the offense under subsection (b) is a Level 6 felony if . . . it is knowingly or intentionally committed by means of a camera[.]

143.   Indiana Code § 35-42-4-3(b) states in relevant part:

A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Level 4 felony. . . .

144.   Indiana Code § 35-45-4-5(d) states in relevant part:

A person who . . . without the consent of the individual . . . and . . . with intent to peep at the private area of an individual . . . peeps at the private area of an individual and records an image by

33

means of a camera commits public voyeurism, a Class A misdemeanor.

145.   Defendants, and each of them, owed the Children, and each of them, a number of duties, including, but not limited to, refraining from photographing the Children's genitals and from photographing the Children in various stages of undress, from touching and exploiting the Children and to refrain from deriving sexually gratification from sexually exploiting and touching the Children.

146.   Defendant Butler violated his statutory duties to the Children, and each of them, in a number of ways, including, but not limited to, violating Indiana statutes including, but not limited to, those statues cited herein.

147.   Each of the Children was within the sphere of individuals that Indiana Code § 35-42-4-4(b)(1), Indiana Code § 35-42-4-4(c)(1), Indiana Code § 35-45-4-5(b)(2), Indiana Code § 35-45-4-5(c)(1), Indiana Code § 35-42-4-3(b), and Indiana Code § 35-45-4-5(d) were meant to protect.

148.   Each said statutory violation constitutes negligence *per se*.

149.   Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

150.   Defendant Butler's statutory violations were proximate causes of Plaintiffs' injuries and damages.

151.   As a proximate result of Defendants' conduct, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B. have suffered injuries, losses, and damages. Specifically, Plaintiff S.A.B. has undergone or will undergo medical and/or other

34

health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Casey A. Boyer and Kristy A. Martin have incurred or will incur medical bills and expenses on behalf of S.A.B., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of S.A.B.

WHEREFORE, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XIV

### Negligence

152.   Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

153.   During the First (or Fall) Semester of 2021, each of the Children was enrolled at and attended Vogel.

154.    Both N.C.G. and B.L.H. were then required to attend school subject to Indiana's Compulsory School Attendance Law, codified at Indiana Code § 20-33-2-1, *et seq.*

155.    As such, Defendants UE and EVSC accepted each of the Children into theirs care and responsibility *in loco parentis.*

156.    Accordingly, Defendants UE and EVSC owed each of the Children within its care and custody duties to act reasonably, supervise and train Defendant Butler and other employees and to provide a safe environment, and avoid harm coming to youth of such tender age.

157.    Defendants UE and EVSC negligently breached the aforementioned duties in a number of ways, including, but not limited to, the following: failing to properly screen Defendant Butler before allowing him to be in a position of trust as it relates to the Children, failing to properly train and supervise Defendant Butler and other employees and failing to inform and warn the Children and their parents of Defendant Butler and the risks of allowing the Children to participate in the tutoring and daycare programs.

158.    Defendants UE and EVSC's failure(s) to adhere to the applicable standard of care was a proximate cause of Defendant Butler's sexual assault, harassment, and exploitation of the Children, and each of them.

159.    Defendant Butler owed the Children, and each of them, a duty of reasonable care.

36

160.    Defendant Butler negligently breached these duties to the Children, and each of them, and abused his position of trust, in which he was placed by Defendants UE and EVSC.

161.    As a proximate result of Defendants' negligent acts, omissions, and/or conduct, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B. have suffered injuries, losses, and damages.  Specifically, Plaintiff S.A.B. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Casey A. Boyer and Kristy A. Martin have incurred or will incur medical bills and expenses on behalf of S.A.B., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of S.A.B.

WHEREFORE, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

Exhibit A - Page 037 of 112

## COUNT XV

## Assumed Duty of Care

162.    Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

163.    In addition to those duties otherwise imposed by operation of Indiana law, Defendants UE and EVSC gratuitously or voluntarily assumed duties of care for the Children, and each of them, pursuant to the UE/EVSC Agreement.

164.    Defendant UE's and Defendant EVSC's assumption of a duty created a special relationship between the parties and a corresponding duty on behalf of Defendants UE and EVSC to act reasonably.

165.    Defendants UE and EVSC negligently breached their/its assumed duties to each of the Children, and said negligence proximately caused harm to Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B.

166.    As a proximate result of Defendants' negligent acts, omissions, and/or conduct, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B. have suffered injuries, losses, and damages.  Specifically, Plaintiff S.A.B. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Casey A. Boyer and Kristy A. Martin have incurred or will incur medical bills and expenses on behalf of

S.A.B., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of S.A.B.

WHEREFORE, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XVI

### Negligent Infliction of Emotional Distress

167.    Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

168.    At all times relevant herein, the Defendants, and each of them, owed a duty of care to Plaintiffs Casey A. Boyer and Kristy A. Martin, as the parents of Plaintiff S.A.B., to provide for the protection, care, and safekeeping of S.A.B. within a reasonable standard of care.

169.    It is irrefutably certain that Defendant Butler sexually abused S.A.B. on one (1) or more occasions between the dates of August 13, 2021, and December 2, 2021.

170.    These tortious acts were done in a secretive manner and not actually witnessed by Plaintiffs Casey A. Boyer and Kristy A. Martin.

171.    Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

172.    Such abuse severely impacted Plaintiffs Casey A. Boyer's and Kristy A. Martin's emotional health.

173.    As a proximate result of Defendant Butler's acts and/or conduct, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B. have suffered injuries, losses, and damages.  Specifically, Plaintiff S.A.B. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Casey A. Boyer and Kristy A. Martin have incurred or will incur medical bills and expenses on behalf of S.A.B. and/or themselves, lost earnings, and suffered the loss of the care, love, affection, companionship, and support of S.A.B.

WHEREFORE, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment

40

interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XVII

### Intentional Infliction of Emotional Distress

174.    Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

175.    Defendant Butler's conduct, as described herein, goes beyond all possible bounds of decency, is atrocious, and is utterly intolerable in a civilized community.

176.    By engaging in the extreme and outrageous conduct described herein, Defendant Butler intentionally or recklessly caused severe emotional distress to S.A.B.

177.    Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

178.    As a proximate result of Defendant Butler's acts, omissions, and/or conduct, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B. have suffered injuries, losses, and damages.  Specifically, Plaintiff S.A.B. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible

41

destruction or impairment of his earning capacity.  Plaintiffs Casey A. Boyer and

Kristy A. Martin have incurred or will incur medical bills and expenses on behalf of

S.A.B., lost earnings, and suffered the loss of the care, love, affection,

companionship, and support of S.A.B.

WHEREFORE, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by

counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and

UE, and each of them, for all such amounts as are necessary to fully compensate the

said Plaintiffs, and each of them, for their respective injuries, losses, and damages

sustained as a result of the foregoing, for punitive damages, for prejudgment

interest, for the costs of this action, and for all other relief just and proper in the

premises.

## COUNT XVIII

### Invasion of Privacy

179.   Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel,

respectfully incorporate herein by this reference the material allegations contained

in paragraphs 1 through 45, inclusive, above, the same as if set forth in their

entirety in this Count of their Complaint.

180.   A person's usage of restroom facilities is typically a function afforded

great privacy.

181.   S.A.B. expected to enjoy a modicum of privacy while using the school

restroom, and such expectation was imminently and inherently reasonable.

42

182.   In peeping on S.A.B. while using the school restroom, Defendant Butler intentionally invaded or intruded upon S.A.B.'s physical space without S.A.B.'s consent.

183.   Such intrusion or invasion would be offensive or objectionable to a reasonable person, particularly where a minor child of such tender age is involved.

184.   Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

185.   As a proximate result of Defendant Butler's acts, omissions, and/or conduct, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B. have suffered injuries, losses, and damages.  Specifically, Plaintiff S.A.B. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Casey A. Boyer and Kristy A. Martin have incurred or will incur medical bills and expenses on behalf of S.A.B., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of S.A.B.

WHEREFORE, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment

interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XIX

### Negligent Hiring, Training, and Supervision

186.   Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

187.   Defendants UE and EVSC, and each of them, owed the Children, and each of them, duties of reasonable care in the hiring, training, and supervision of their respective employees, servants, and agents to ensure that each of the very young students placed in their care, including each of the Children, were not placed in unreasonably dangerous situations or circumstances.

188.   Defendants UE and EVSC, and each of them, negligently breached the aforementioned duties by, among other things, the following acts, omissions, and/or conduct:

   a.  Hiring Defendant Butler without performing reasonable background checks;

   b.  Hiring Defendant Butler without performing reasonable testing to ensure that Defendant Butler was an appropriate candidate to provide for the care of very young students, including, but not limited to, each of the Children;

   c.  Failing to properly train and supervise its employees, servants, and agents, including, but not limited to, Defendant Butler, to maintain dual coverage supervision of the Children, and each of them, or, in other words, failing to train its employees, servants, and agents to

44

avoid allowing one-on-one supervision of any of the Children by Defendant Butler; and

d. Failing to properly train its employees, servants, and agents to develop appropriate safety plans, procedures, and protocols for overseeing the activities of Defendant UE's students engaged in Clinical Education activities at Defendant EVSC's schools, including Vogel.

189.   Defendant Butler's sexual assault, harassment, and exploitation of the Children, and each of them, was reasonably foreseeable to Defendants UE and EVSC.  Indeed, it is well known that sexual predators often work or volunteer at schools and daycares in order to have access to children.

190.   Defendants UE's and EVSC's unreasonable and negligent hiring, training, and supervision of their respective employees, servants, and agents, including, but not limited to, Defendant Butler, proximately caused Plaintiffs Casey A. Boyer's, Kristy A. Martin's, and S.A.B.'s injuries, losses, and damages. Specifically, Plaintiff S.A.B. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Casey A. Boyer and Kristy A. Martin have incurred or will incur medical bills and expenses on behalf of S.A.B., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of S.A.B.

WHEREFORE, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages

sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XX

## Vicarious Liability

191.   Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

192.   At all times relevant herein, Defendants UE's and EVSC's respective employees, servants, and agents, including, but not limited to, Defendant Butler, were acting in the course and scope of their employment, authority, and/or agency with Defendant UE and/or Defendant EVSC.

193.   Pursuant to the doctrine of *respondeat superior* and/or agency law principles, Defendant EVSC is vicariously liable for the acts, omissions, and/or conduct in which its employees, servants, and/or agents, including, but not limited to, Defendant Butler, were engaged, while acting in the course and scope of their employment, authority, and/or agency.

194.   In other words, the intentional conduct, the negligent conduct, and the negligence *per se* of Defendant EVSC's employees, servants, and/or agents are imputed to Defendant EVSC.

46

195.    Likewise, pursuant to the doctrine of *respondeat superior* and/or agency law principles, Defendant UE is vicariously liable for the acts, omissions, and/or conduct in which its employees, servants, and/or agents, including, but not limited to, Defendant Butler, were engaged, while acting in the course and scope of their employment, authority, and/or agency.

196.    In other words, the intentional conduct, the negligent conduct, and the negligence *per se* of Defendant UE's employees, servants, and/or agents are imputed to Defendant UE.

197.    The intentional conduct, the negligent conduct, and the negligence *per se* of Defendant EVSC's and/or Defendant UE's employees, servants, and/or agents, including, but not limited to, Defendant Butler, proximately caused Plaintiffs Casey A. Boyer's, Kristy A. Martin's, and S.A.B.'s injuries, losses, and damages. Specifically, Plaintiff S.A.B. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Casey A. Boyer and Kristy A. Martin have incurred or will incur medical bills and expenses on behalf of S.A.B., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of S.A.B.

WHEREFORE, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages

sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXI

### "Common Carrier" Liability

198.   Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

199.   Defendants UE and EVSC assumed a non-delegable duty and heightened responsibility for the protection, care, and safety of the Children, and each of them, when it accepted each of the Children into enrollment at Vogel, and, more particularly, into Vogel's after school daycare program and/or tutoring program.

200.   Each of the Children ceded his own autonomy, and indeed, the responsibility for his own safety and protection, to Defendants UE and EVSC, upon entering into enrollment at Vogel, and, more particularly, into Vogel's after school daycare program and/or tutoring program.

201.   Pursuant to the doctrine of common carrier liability, Defendants UE and EVSC are liable for the acts, omissions, and/or conduct in which its employees, servants, and/or agents, including, but not limited to, Defendant Butler, were engaged while the Children, and each of them, were upon Vogel's campus for school

activities, including, more particularly, its after school daycare program and/or tutoring program.

202.    In other words, the intentional conduct, the negligent conduct, and the negligence *per se* of Defendant UE and EVSC's employees, servants, and/or agents are imputed to Defendants UE and EVSC.

203.    The intentional conduct, the negligent conduct, and the negligence *per se* of Defendants UE and EVSC's employees, servants, and/or agents, including, but not limited to, Defendant Butler, proximately caused Plaintiffs Casey A. Boyer's, Kristy A. Martin's, and S.A.B.'s injuries, losses, and damages.  Specifically, Plaintiff S.A.B. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Casey A. Boyer and Kristy A. Martin have incurred or will incur medical bills and expenses on behalf of S.A.B., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of S.A.B.

WHEREFORE, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXII

### Negligent Supervision of Child

204.   Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

205.   At all times relevant, Defendants UE and EVSC undertook the care, custody, and control of each of the Children in the absence of such supervision by each of the Children's own natural or adoptive parent(s).

206.   Defendants UE and EVSC were not any of the Children's legal guardians or custodians.  However, each of these Defendants assumed control of the routine care, oversight, and responsibility for each of the Children while in Vogel's after school daycare program and/or tutoring program.

207.   Pursuant to the doctrine of *in loco parentis*, each of these Defendants put themselves in the situation of a lawful parent by assuming the obligations incident to the parental relation at the time each of the Children was upon Vogel's campus for participation in its after-school daycare program and/or tutoring program.

208.   As such, each of these Defendants had a duty to monitor each of the Children under their supervision, including, but not limited to, Plaintiff S.A.B., with reasonable care, considering their tender age and inability to protect themselves.

209.    Defendants EVSC and UE breached their respective duties by failing to reasonably monitor and supervise each of the Children, including, but not limited to, Plaintiff S.A.B.

210.    These Defendants' failure to reasonably monitor and supervise Plaintiff S.A.B. proximately caused Plaintiffs Casey A. Boyer's, Kristy A. Martin's, and S.A.B.'s injuries, losses, and damages.  Specifically, Plaintiff S.A.B. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Casey A. Boyer and Kristy A. Martin have incurred or will incur medical bills and expenses on behalf of S.A.B., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of S.A.B.

WHEREFORE, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXIII

### Sexual Harassment (Title IX)

211.    Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

212.    On information and belief Defendants UE and EVSC both receive federal funding for support of certain of their respective educational programs.

213.    As such, Defendants UE and EVSC are both subject to the provisions of Title IX of the Education Amendments of 1972, codified at 20 U.S.C. § 1681, *et seq.* ("Title IX").

214.    Sexual misconduct against minors, whether perpetrated by college or public school employees, volunteers, contractors, or other students, constitutes sexual harassment which is recognized and considered as a form of discrimination prohibited by Title IX.

215.    Defendants UE and EVSC failed to provide each of the Children, including, but not limited to, Plaintiff S.A.B., with a safe educational environment.

216.    Defendants UE and EVSC were required under Title IX to investigate allegations of sexual assault, sexual abuse, sexual harassment, and sexual exploitation of its students.

217.    Defendant Butler's conduct and actions toward of the Children, including, but not limited to, Plaintiff S.A.B., constitutes sex discrimination under Title IX.

Exhibit A - Page 052 of 112

218. There is no indication that Defendant UE or Defendant EVSC ever conducted any investigation or took any action to comply with their statutory duty while the Children were being harassed, assaulted, molested, abused, and exploited by Defendant Butler.

219. Rather, Defendants UE and EVSC acted with deliberate indifference, meaning that their lack of response to the numerous warning signs were clearly unreasonable in light of the known circumstances.

220. The failures of Defendants UE and EVSC to promptly and appropriately investigate, remedy, and/or respond to the sexual harassment, assault, molestation, abuse, and exploitation of their minor students, despite having received actual and constructive notice of the same, subjected each of the Children, including, but not limited to, Plaintiff S.A.B., to further harassment and a sexually hostile environment, effectively denying each such child access to effective educational services.

221. As a proximate result of the foregoing acts, omissions, and/or conduct of Defendants UE and EVSC, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B. have suffered injuries, losses, and damages.  Specifically, Plaintiff S.A.B. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Casey A. Boyer and Kristy A. Martin have incurred or will incur medical bills and expenses

Exhibit A - Page 053 of 112

on behalf of S.A.B., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of S.A.B.

WHEREFORE, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for reasonable attorney's fees, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXIV

### Federal Child Pornography Statutes ("Masha's Law")

222.  Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

223.  18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any minor who is a victim of a violation(s) of 18 U.S.C. §§ 2251, 2252A, and/or 2252 and who suffers personal injury as a result of such violation(s) shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000.00 per pornographic photo obtained and/or maintained in violation of federal law, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

224.    Defendant Butler violated the federal child pornography laws found at 18 U.S.C. §§ 2251, 2252A, and/or 2252.

225.    Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

226.    S.A.B. suffered personal injury as a result of Defendant Butler's violation(s) of 18 U.S.C. §§ 2251, 2252A, and/or 2252.

227.    S.A.B. is, therefore, entitled to recover the actual damages S.A.B. has sustained and will continue to sustain or liquidated damages in the amount of $150,000.00 per pornographic photo obtained and/or maintained in violation of federal law, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

WHEREFORE, Plaintiffs Casey A. Boyer, Kristy A. Martin, and S.A.B., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for reasonable attorney's fees, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXV

## Negligence *Per Se*

228.   Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

229.   Indiana Code § 35-42-4-4(b)(1) states in relevant part:

> A person who . . . knowingly or intentionally manages, produces, sponsors, presents, exhibits, photographs, films, videotapes, or creates a digitized image of any performance or incident that includes sexual conduct by a child under eighteen (18) years of age . . . commits child exploitation, a Level 5 felony. . . .

230.   Indiana Code § 35-42-4-4(b)(4) states in relevant part:

> A person who . . . with the intent to satisfy or arouse the sexual desires of any person[,] . . . knowingly or intentionally . . . manages[,] produces[,] sponsors[,] presents[,] exhibits[,] photographs[,] films[,] videotapes; or . . . creates a digitized image of . . . any performance or incident that includes the uncovered genitals of a child less than eighteen (18) years of age . . . commits child exploitation, a Level 5 felony. . . .

231.   Indiana Code § 35-42-4-4(c)(1) states in relevant part:

> However, the offense of child exploitation described in subsection (b) is a Level 4 felony if . . . the sexual conduct, matter, performance, or incident depicts or describes a child less than eighteen (18) years of age who . . . is less than twelve (12) years of age[.]

232.   Indiana Code § 35-45-4-5(b)(2) states in relevant part:

> A person . . . who knowingly or intentionally peeps into an area where an occupant of the area reasonably can be expected to disrobe, including . . . restrooms[,] baths[,] showers[,] and . . . dressing rooms . . . without the consent of the other person, commits voyeurism, a Class B misdemeanor.

56

233. Indiana Code § 35-45-4-5(c)(1) states in relevant part:

> However, the offense under subsection (b) is a Level 6 felony if . . . it is knowingly or intentionally committed by means of a camera[.]

234. Indiana Code § 35-42-4-3(b) states in relevant part:

> A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Level 4 felony. . . .

235. Indiana Code § 35-45-4-5(d) states in relevant part:

> A person who . . . without the consent of the individual . . . and . . . with intent to peep at the private area of an individual . . . peeps at the private area of an individual and records an image by means of a camera commits public voyeurism, a Class A misdemeanor.

236. Defendants, and each of them, owed the Children, and each of them, a number of duties, including, but not limited to, refraining from photographing the Children's genitals and from photographing the Children in various stages of undress, from touching and exploiting the Children and to refrain from deriving sexually gratification from sexually exploiting and touching the Children.

237. Defendant Butler violated his statutory duties to the Children, and each of them, in a number of ways, including, but not limited to, violating Indiana statutes including, but not limited to, those statues cited herein.

238. Each of the Children was within the sphere of individuals that Indiana Code § 35-42-4-4(b)(1), Indiana Code § 35-42-4-4(c)(1), Indiana Code § 35-45-4-5(b)(2), Indiana Code § 35-45-4-5(c)(1), Indiana Code § 35-42-4-3(b), and Indiana Code § 35-45-4-5(d) were meant to protect.

57

239.    Each said statutory violation constitutes negligence *per se*.

240.    Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

241.    Defendant Butler's statutory violations were proximate causes of Plaintiffs' injuries and damages.

242.    As a proximate result of Defendants' conduct, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G. have suffered injuries, losses, and damages.  Specifically, Plaintiff N.C.G. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Sean R. Giolitto and Christopher S. Pentecost have incurred or will incur medical bills and expenses on behalf of N.C.G., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of N.C.G.

WHEREFORE, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXVI

## Negligence

243.    Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

244.    During the First (or Fall) Semester of 2021, each of the Children was enrolled at and attended Vogel.

245.    Both N.C.G. and B.L.H. were then required to attend school subject to Indiana's Compulsory School Attendance Law, codified at Indiana Code § 20-33-2-1, *et seq.*

246.    As such, Defendants UE and EVSC accepted each of the Children into theirs care and responsibility *in loco parentis*.

247.    Accordingly, Defendants UE and EVSC owed each of the Children within its care and custody duties to act reasonably, supervise and train Defendant Butler and other employees and to provide a safe environment, and avoid harm coming to youth of such tender age.

248.    Defendants UE and EVSC negligently breached the aforementioned duties in a number of ways, including, but not limited to, the following: failing to properly screen Defendant Butler before allowing him to be in a position of trust as it relates to the Children, failing to properly train and supervise Defendant Butler and other employees and failing to inform and warn the Children and their parents

59

of Defendant Butler and the risks of allowing the Children to participate in the tutoring and daycare programs.

249.   Defendants UE and EVSC's failure(s) to adhere to the applicable standard of care was a proximate cause of Defendant Butler's sexual assault, harassment, and exploitation of the Children, and each of them.

250.   Defendant Butler owed the Children, and each of them, a duty of reasonable care.

251.   Defendant Butler negligently breached these duties to the Children, and each of them, and abused his position of trust, in which he was placed by Defendants UE and EVSC.

252.   As a proximate result of Defendants' negligent acts, omissions, and/or conduct, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G. have suffered injuries, losses, and damages.  Specifically, Plaintiff N.C.G. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Sean R. Giolitto and Christopher S. Pentecost have incurred or will incur medical bills and expenses on behalf of N.C.G., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of N.C.G.

WHEREFORE, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully

compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXVII

## Assumed Duty of Care

253.    Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

254.    In addition to those duties otherwise imposed by operation of Indiana law, Defendants UE and EVSC gratuitously or voluntarily assumed duties of care for the Children, and each of them, pursuant to the UE/EVSC Agreement.

255.    Defendant UE's and Defendant EVSC's assumption of a duty created a special relationship between the parties and a corresponding duty on behalf of Defendants UE and EVSC to act reasonably.

256.    Defendants UE and EVSC negligently breached their/its assumed duties to each of the Children, and said negligence proximately caused harm to Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G.

257.    As a proximate result of Defendants' negligent acts, omissions, and/or conduct, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G. have suffered injuries, losses, and damages.  Specifically, Plaintiff N.C.G. has undergone

or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Sean R. Giolitto and Christopher S. Pentecost have incurred or will incur medical bills and expenses on behalf of N.C.G., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of N.C.G.

WHEREFORE, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXVIII

### Negligent Infliction of Emotional Distress

258.   Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

259.   At all times relevant herein, the Defendants, and each of them, owed a duty of care to Plaintiffs Sean R. Giolitto and Christopher S. Pentecost, as the

parents of Plaintiff N.C.G., to provide for the protection, care, and safekeeping of N.C.G. within a reasonable standard of care.

260.   It is irrefutably certain that Defendant Butler sexually abused N.C.G. on one (1) or more occasions between the dates of August 13, 2021, and December 2, 2021.

261.   These tortious acts were done in a secretive manner and not actually witnessed by Plaintiffs Sean R. Giolitto and Christopher S. Pentecost.

262.   Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

263.   Such abuse severely impacted Plaintiffs Sean R. Giolitto's and Christopher S. Pentecost's emotional health.

264.   As a proximate result of Defendant Butler's acts and/or conduct, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G. have suffered injuries, losses, and damages.  Specifically, Plaintiff N.C.G. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Sean R. Giolitto and Christopher S. Pentecost have incurred or will incur medical bills and expenses on behalf of N.C.G. and/or themselves, lost earnings, and suffered the loss of the care, love, affection, companionship, and support of N.C.G.

WHEREFORE, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXIX

### Intentional Infliction of Emotional Distress

265.    Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

266.    Defendant Butler's conduct, as described herein, goes beyond all possible bounds of decency, is atrocious, and is utterly intolerable in a civilized community.

267.    By engaging in the extreme and outrageous conduct described herein, Defendant Butler intentionally or recklessly caused severe emotional distress to N.C.G.

268.    Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

269.   As a proximate result of Defendant Butler's acts, omissions, and/or conduct, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G. have suffered injuries, losses, and damages.  Specifically, Plaintiff N.C.G. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Sean R. Giolitto and Christopher S. Pentecost have incurred or will incur medical bills and expenses on behalf of N.C.G., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of N.C.G.

WHEREFORE, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXX

## Invasion of Privacy

270.   Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

271. A person's usage of restroom facilities is typically a function afforded great privacy.

272. N.C.G. expected to enjoy a modicum of privacy while using the school restroom, and such expectation was imminently and inherently reasonable.

273. In peeping on N.C.G. while using the school restroom, Defendant Butler intentionally invaded or intruded upon N.C.G.'s physical space without N.C.G.'s consent.

274. Such intrusion or invasion would be offensive or objectionable to a reasonable person, particularly where a minor child of such tender age is involved.

275. Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

276. As a proximate result of Defendant Butler's acts, omissions, and/or conduct, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G. have suffered injuries, losses, and damages. Specifically, Plaintiff N.C.G. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity. Plaintiffs Sean R. Giolitto and Christopher S. Pentecost have incurred or will incur medical bills and expenses on behalf of N.C.G., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of N.C.G.

WHEREFORE, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXXI

### Negligent Hiring, Training, and Supervision

277.   Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

278.   Defendants UE and EVSC, and each of them, owed the Children, and each of them, duties of reasonable care in the hiring, training, and supervision of their respective employees, servants, and agents to ensure that each of the very young students placed in their care, including each of the Children, were not placed in unreasonably dangerous situations or circumstances.

279.   Defendants UE and EVSC, and each of them, negligently breached the aforementioned duties by, among other things, the following acts, omissions, and/or conduct:

      a.   Hiring Defendant Butler without performing reasonable background checks;

b. Hiring Defendant Butler without performing reasonable testing to ensure that Defendant Butler was an appropriate candidate to provide for the care of very young students, including, but not limited to, each of the Children;

c. Failing to properly train and supervise its employees, servants, and agents, including, but not limited to, Defendant Butler, to maintain dual coverage supervision of the Children, and each of them, or, in other words, failing to train its employees, servants, and agents to avoid allowing one-on-one supervision of any of the Children by Defendant Butler; and

d. Failing to properly train its employees, servants, and agents to develop appropriate safety plans, procedures, and protocols for overseeing the activities of Defendant UE's students engaged in Clinical Education activities at Defendant EVSC's schools, including Vogel.

280.    Defendant Butler's sexual assault, harassment, and exploitation of the Children, and each of them, was reasonably foreseeable to Defendants UE and EVSC.  Indeed, it is well known that sexual predators often work or volunteer at schools and daycares in order to have access to children.

281.    Defendants UE's and EVSC's unreasonable and negligent hiring, training, and supervision of their respective employees, servants, and agents, including, but not limited to, Defendant Butler, proximately caused Plaintiffs Sean R. Giolitto's, Christopher S. Pentecost's, and N.C.G.'s injuries, losses, and damages. Specifically, Plaintiff N.C.G. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Sean R. Giolitto and Christopher S. Pentecost have incurred or will incur medical bills and expenses on behalf of N.C.G., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of N.C.G.

WHEREFORE, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXXII

### Vicarious Liability

282.    Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

283.    At all times relevant herein, Defendants UE's and EVSC's respective employees, servants, and agents, including, but not limited to, Defendant Butler, were acting in the course and scope of their employment, authority, and/or agency with Defendant UE and/or Defendant EVSC.

284.    Pursuant to the doctrine of *respondeat superior* and/or agency law principles, Defendant EVSC is vicariously liable for the acts, omissions, and/or conduct in which its employees, servants, and/or agents, including, but not limited to, Defendant Butler, were engaged, while acting in the course and scope of their employment, authority, and/or agency.

69

285.    In other words, the intentional conduct, the negligent conduct, and the negligence *per se* of Defendant EVSC's employees, servants, and/or agents are imputed to Defendant EVSC.

286.    Likewise, pursuant to the doctrine of *respondeat superior* and/or agency law principles, Defendant UE is vicariously liable for the acts, omissions, and/or conduct in which its employees, servants, and/or agents, including, but not limited to, Defendant Butler, were engaged, while acting in the course and scope of their employment, authority, and/or agency.

287.    In other words, the intentional conduct, the negligent conduct, and the negligence *per se* of Defendant UE's employees, servants, and/or agents are imputed to Defendant UE.

288.    The intentional conduct, the negligent conduct, and the negligence *per se* of Defendant EVSC's and/or Defendant UE's employees, servants, and/or agents, including, but not limited to, Defendant Butler, proximately caused Plaintiffs Sean R. Giolitto's, Christopher S. Pentecost's, and N.C.G.'s injuries, losses, and damages. Specifically, Plaintiff N.C.G. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Sean R. Giolitto and Christopher S. Pentecost have incurred or will incur medical bills and expenses on behalf of N.C.G., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of N.C.G.

WHEREFORE, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXXIII

### "Common Carrier" Liability

289.   Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

290.   Defendants UE and EVSC assumed a non-delegable duty and heightened responsibility for the protection, care, and safety of the Children, and each of them, when it accepted each of the Children into enrollment at Vogel, and, more particularly, into Vogel's after school daycare program and/or tutoring program.

291.   Each of the Children ceded his own autonomy, and indeed, the responsibility for his own safety and protection, to Defendants UE and EVSC, upon entering into enrollment at Vogel, and, more particularly, into Vogel's after school daycare program and/or tutoring program.

71

292.    Pursuant to the doctrine of common carrier liability, Defendants UE and EVSC are liable for the acts, omissions, and/or conduct in which its employees, servants, and/or agents, including, but not limited to, Defendant Butler, were engaged while the Children, and each of them, were upon Vogel's campus for school activities, including, more particularly, its after school daycare program and/or tutoring program.

293.    In other words, the intentional conduct, the negligent conduct, and the negligence *per se* of Defendant UE and EVSC's employees, servants, and/or agents are imputed to Defendants UE and EVSC.

294.    The intentional conduct, the negligent conduct, and the negligence *per se* of Defendants UE and EVSC's employees, servants, and/or agents, including, but not limited to, Defendant Butler, proximately caused Plaintiffs Sean R. Giolitto's, Christopher S. Pentecost's, and N.C.G.'s injuries, losses, and damages.  Specifically, Plaintiff N.C.G. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity. Plaintiffs Sean R. Giolitto and Christopher S. Pentecost have incurred or will incur medical bills and expenses on behalf of N.C.G., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of N.C.G.

WHEREFORE, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully

compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXXIV

### Negligent Supervision of Child

295.    Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

296.    At all times relevant, Defendants UE and EVSC undertook the care, custody, and control of each of the Children in the absence of such supervision by each of the Children's own natural or adoptive parent(s).

297.    Defendants UE and EVSC were not any of the Children's legal guardians or custodians.  However, each of these Defendants assumed control of the routine care, oversight, and responsibility for each of the Children while in Vogel's after school daycare program and/or tutoring program.

298.    Pursuant to the doctrine of *in loco parentis*, each of these Defendants put themselves in the situation of a lawful parent by assuming the obligations incident to the parental relation at the time each of the Children was upon Vogel's campus for participation in its after-school daycare program and/or tutoring program.

299.   As such, each of these Defendants had a duty to monitor each of the Children under their supervision, including, but not limited to, Plaintiff N.C.G., with reasonable care, considering their tender age and inability to protect themselves.

300.   Defendants EVSC and UE breached their respective duties by failing to reasonably monitor and supervise each of the Children, including, but not limited to, Plaintiff N.C.G.

301.   These Defendants' failure to reasonably monitor and supervise Plaintiff N.C.G. proximately caused Plaintiffs Sean R. Giolitto's, Christopher S. Pentecost's, and N.C.G.'s injuries, losses, and damages.  Specifically, Plaintiff N.C.G. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiffs Sean R. Giolitto and Christopher S. Pentecost have incurred or will incur medical bills and expenses on behalf of N.C.G., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of N.C.G.

WHEREFORE, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for

prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXXV

### Sexual Harassment (Title IX)

302.    Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

303.    On information and belief Defendants UE and EVSC both receive federal funding for support of certain of their respective educational programs.

304.    As such, Defendants UE and EVSC are both subject to the provisions of Title IX of the Education Amendments of 1972, codified at 20 U.S.C. § 1681, *et seq.* ("Title IX").

305.    Sexual misconduct against minors, whether perpetrated by college or public school employees, volunteers, contractors, or other students, constitutes sexual harassment which is recognized and considered as a form of discrimination prohibited by Title IX.

306.    Defendants UE and EVSC failed to provide each of the Children, including, but not limited to, Plaintiff N.C.G., with a safe educational environment.

307.    Defendants UE and EVSC were required under Title IX to investigate allegations of sexual assault, sexual abuse, sexual harassment, and sexual exploitation of its students.

308.    Defendant Butler's conduct and actions toward of the Children, including, but not limited to, Plaintiff N.C.G., constitutes sex discrimination under Title IX.

309.    There is no indication that Defendant UE or Defendant EVSC ever conducted any investigation or took any action to comply with their statutory duty while the Children were being harassed, assaulted, molested, abused, and exploited by Defendant Butler.

310.    Rather, Defendants UE and EVSC acted with deliberate indifference, meaning that their lack of response to the numerous warning signs were clearly unreasonable in light of the known circumstances.

311.    The failures of Defendants UE and EVSC to promptly and appropriately investigate, remedy, and/or respond to the sexual harassment, assault, molestation, abuse, and exploitation of their minor students, despite having received actual and constructive notice of the same, subjected each of the Children, including, but not limited to, Plaintiff N.C.G., to further harassment and a sexually hostile environment, effectively denying each such child access to effective educational services.

312.    As a proximate result of the foregoing acts, omissions, and/or conduct of Defendants UE and EVSC, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G. have suffered injuries, losses, and damages.  Specifically, Plaintiff N.C.G. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish,

and possible destruction or impairment of his earning capacity.  Plaintiffs Sean R. Giolitto and Christopher S. Pentecost have incurred or will incur medical bills and expenses on behalf of N.C.G., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of N.C.G.

WHEREFORE, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for reasonable attorney's fees, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXXVI

### Federal Child Pornography Statutes ("Masha's Law")

313.   Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

314.   18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any minor who is a victim of a violation(s) of 18 U.S.C. §§ 2251, 2252A, and/or 2252 and who suffers personal injury as a result of such violation(s) shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000.00 per pornographic photo obtained and/or maintained in

Exhibit A - Page 077 of 112

violation of federal law, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

315.    Defendant Butler violated the federal child pornography laws found at 18 U.S.C. §§ 2251, 2252A, and/or 2252.

316.    Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

317.    N.C.G. suffered personal injury as a result of Defendant Butler's violation(s) of 18 U.S.C. §§ 2251, 2252A, and/or 2252.

318.    N.C.G. is, therefore, entitled to recover the actual damages N.C.G. has sustained and will continue to sustain or liquidated damages in the amount of $150,000.00 per pornographic photo obtained and/or maintained in violation of federal law, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

WHEREFORE, Plaintiffs Sean R. Giolitto, Christopher S. Pentecost, and N.C.G., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for reasonable attorney's fees, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXXVII

## Negligence *Per Se*

319.    Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

320.    Indiana Code § 35-42-4-4(b)(1) states in relevant part:

> A person who . . . knowingly or intentionally manages, produces, sponsors, presents, exhibits, photographs, films, videotapes, or creates a digitized image of any performance or incident that includes sexual conduct by a child under eighteen (18) years of age . . . commits child exploitation, a Level 5 felony. . . .

321.    Indiana Code § 35-42-4-4(b)(4) states in relevant part:

> A person who . . . with the intent to satisfy or arouse the sexual desires of any person[,] . . . knowingly or intentionally . . . manages[,] produces[,] sponsors[,] presents[,] exhibits[,] photographs[,] films[,] videotapes; or . . . creates a digitized image of . . . any performance or incident that includes the uncovered genitals of a child less than eighteen (18) years of age . . . commits child exploitation, a Level 5 felony. . . .

322.    Indiana Code § 35-42-4-4(c)(1) states in relevant part:

> However, the offense of child exploitation described in subsection (b) is a Level 4 felony if . . . the sexual conduct, matter, performance, or incident depicts or describes a child less than eighteen (18) years of age who . . . is less than twelve (12) years of age[.]

323.    Indiana Code § 35-45-4-5(b)(2) states in relevant part:

> A person . . . who knowingly or intentionally peeps into an area where an occupant of the area reasonably can be expected to disrobe, including . . . restrooms[,] baths[,] showers[,] and . . . dressing rooms . . . without the consent of the other person, commits voyeurism, a Class B misdemeanor.

324.   Indiana Code § 35-45-4-5(c)(1) states in relevant part:

However, the offense under subsection (b) is a Level 6 felony if . . . it is knowingly or intentionally committed by means of a camera[.]

325.   Indiana Code § 35-42-4-3(b) states in relevant part:

A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Level 4 felony. . . .

326.   Indiana Code § 35-45-4-5(d) states in relevant part:

A person who . . . without the consent of the individual . . . and . . . with intent to peep at the private area of an individual . . . peeps at the private area of an individual and records an image by means of a camera commits public voyeurism, a Class A misdemeanor.

327.   Defendants, and each of them, owed the Children, and each of them, a number of duties, including, but not limited to, refraining from photographing the Children's genitals and from photographing the Children in various stages of undress, from touching and exploiting the Children and to refrain from deriving sexually gratification from sexually exploiting and touching the Children.

328.   Defendant Butler violated his statutory duties to the Children, and each of them, in a number of ways, including, but not limited to, violating Indiana statutes including, but not limited to, those statues cited herein.

329.   Each of the Children was within the sphere of individuals that Indiana Code § 35-42-4-4(b)(1), Indiana Code § 35-42-4-4(c)(1), Indiana Code § 35-45-4-5(b)(2), Indiana Code § 35-45-4-5(c)(1), Indiana Code § 35-42-4-3(b), and Indiana Code § 35-45-4-5(d) were meant to protect.

330.   Each said statutory violation constitutes negligence *per se*.

331.   Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

332.   Defendant Butler's statutory violations were proximate causes of Plaintiffs' injuries and damages.

333.   As a proximate result of Defendants' conduct, Plaintiffs Haley Kanizar and D.M.F. have suffered injuries, losses, and damages.  Specifically, Plaintiff D.M.F. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Haley Kanizar has incurred or will incur medical bills and expenses on behalf of D.M.F., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of D.M.F.

WHEREFORE, Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXXVIII

### Negligence

334.    Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

335.    During the First (or Fall) Semester of 2021, each of the Children was enrolled at and attended Vogel.

336.    Both N.C.G. and B.L.H. were then required to attend school subject to Indiana's Compulsory School Attendance Law, codified at Indiana Code § 20-33-2-1, *et seq.*

337.    As such, Defendants UE and EVSC accepted each of the Children into theirs care and responsibility *in loco parentis*.

338.    Accordingly, Defendants UE and EVSC owed each of the Children within its care and custody duties to act reasonably, supervise and train Defendant Butler and other employees and to provide a safe environment, and avoid harm coming to youth of such tender age.

339.    Defendants UE and EVSC negligently breached the aforementioned duties in a number of ways, including, but not limited to, the following: failing to properly screen Defendant Butler before allowing him to be in a position of trust as it relates to the Children, failing to properly train and supervise Defendant Butler and other employees and failing to inform and warn the Children and their parents

82

of Defendant Butler and the risks of allowing the Children to participate in the tutoring and daycare programs.

340.   Defendants UE and EVSC's failure(s) to adhere to the applicable standard of care was a proximate cause of Defendant Butler's sexual assault, harassment, and exploitation of the Children, and each of them.

341.   Defendant Butler owed the Children, and each of them, a duty of reasonable care.

342.   Defendant Butler negligently breached these duties to the Children, and each of them, and abused his position of trust, in which he was placed by Defendants UE and EVSC.

343.   As a proximate result of Defendants' negligent acts, omissions, and/or conduct, Plaintiffs Haley Kanizar and D.M.F. have suffered injuries, losses, and damages.  Specifically, Plaintiff D.M.F. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Haley Kanizar has incurred or will incur medical bills and expenses on behalf of D.M.F., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of D.M.F.

WHEREFORE, Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result

83

of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XXXIX

## Assumed Duty of Care

344.    Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

345.    In addition to those duties otherwise imposed by operation of Indiana law, Defendants UE and EVSC gratuitously or voluntarily assumed duties of care for the Children, and each of them, pursuant to the UE/EVSC Agreement.

346.    Defendant UE's and Defendant EVSC's assumption of a duty created a special relationship between the parties and a corresponding duty on behalf of Defendants UE and EVSC to act reasonably.

347.    Defendants UE and EVSC negligently breached their/its assumed duties to each of the Children, and said negligence proximately caused harm to Plaintiffs Haley Kanizar and D.M.F.

348.    As a proximate result of Defendants' negligent acts, omissions, and/or conduct, Plaintiffs Haley Kanizar and D.M.F. have suffered injuries, losses, and damages.  Specifically, Plaintiff D.M.F. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of

his earning capacity. Plaintiff Haley Kanizar has incurred or will incur medical bills and expenses on behalf of D.M.F., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of D.M.F.

WHEREFORE, Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XL

### Negligent Infliction of Emotional Distress

349.    Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

350.    At all times relevant herein, the Defendants, and each of them, owed a duty of care to Plaintiff Haley Kanizar, as the parent of Plaintiff D.M.F., to provide for the protection, care, and safekeeping of D.M.F. within a reasonable standard of care.

351.    It is irrefutably certain that Defendant Butler sexually abused D.M.F. on one (1) or more occasions between the dates of August 13, 2021, and December 2,

2021, including, but not limited to, fondling or touching D.M.F.'s genitals on at least two (2) occasions during that time period.

352.    These tortious acts were done in a secretive manner and not actually witnessed by Plaintiff Haley Kanizar.

353.    Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

354.    Such abuse severely impacted Plaintiff Haley Kanizar's emotional health.

355.    As a proximate result of Defendant Butler's acts and/or conduct, Plaintiffs Haley Kanizar and D.M.F. have suffered injuries, losses, and damages. Specifically, Plaintiff D.M.F. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Haley Kanizar has incurred or will incur medical bills and expenses on behalf of D.M.F. and/or herself, lost earnings, and suffered the loss of the care, love, affection, companionship, and support of D.M.F.

WHEREFORE, Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result

of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XLI

### Intentional Infliction of Emotional Distress

356.   Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

357.   Defendant Butler's conduct, as described herein, goes beyond all possible bounds of decency, is atrocious, and is utterly intolerable in a civilized community.

358.   By engaging in the extreme and outrageous conduct described herein, Defendant Butler intentionally or recklessly caused severe emotional distress to D.M.F.

359.   Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

360.   As a proximate result of Defendant Butler's acts, omissions, and/or conduct, Plaintiffs Haley Kanizar and D.M.F. have suffered injuries, losses, and damages.  Specifically, Plaintiff D.M.F. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of

87

his earning capacity.  Plaintiff Haley Kanizar has incurred or will incur medical bills and expenses on behalf of D.M.F., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of D.M.F.

WHEREFORE, Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XLII

### Invasion of Privacy

361.   Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

362.   A person's usage of restroom facilities is typically a function afforded great privacy.

363.   D.M.F. expected to enjoy a modicum of privacy while using the school restroom, and such expectation was imminently and inherently reasonable.

364.   In peeping on D.M.F. while using the school restroom, Defendant Butler intentionally invaded or intruded upon D.M.F.'s physical space without D.M.F.'s consent.

365.    Such intrusion or invasion would be offensive or objectionable to a reasonable person, particularly where a minor child of such tender age is involved.

366.    Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

367.    As a proximate result of Defendant Butler's acts, omissions, and/or conduct, Plaintiffs Haley Kanizar and D.M.F. have suffered injuries, losses, and damages.  Specifically, Plaintiff D.M.F. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Haley Kanizar has incurred or will incur medical bills and expenses on behalf of D.M.F., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of D.M.F.

WHEREFORE, Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XLIII

## Negligent Hiring, Training, and Supervision

368.   Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

369.   Defendants UE and EVSC, and each of them, owed the Children, and each of them, duties of reasonable care in the hiring, training, and supervision of their respective employees, servants, and agents to ensure that each of the very young students placed in their care, including each of the Children, were not placed in unreasonably dangerous situations or circumstances.

370.   Defendants UE and EVSC, and each of them, negligently breached the aforementioned duties by, among other things, the following acts, omissions, and/or conduct:

    a.  Hiring Defendant Butler without performing reasonable background checks;

    b.  Hiring Defendant Butler without performing reasonable testing to ensure that Defendant Butler was an appropriate candidate to provide for the care of very young students, including, but not limited to, each of the Children;

    c.  Failing to properly train and supervise its employees, servants, and agents, including, but not limited to, Defendant Butler, to maintain dual coverage supervision of the Children, and each of them, or, in other words, failing to train its employees, servants, and agents to avoid allowing one-on-one supervision of any of the Children by Defendant Butler; and

    d.  Failing to properly train its employees, servants, and agents to develop appropriate safety plans, procedures, and protocols for

90

> overseeing the activities of Defendant UE's students engaged in
> Clinical Education activities at Defendant EVSC's schools,
> including Vogel.

371.   Defendant Butler's sexual assault, harassment, and exploitation of the Children, and each of them, was reasonably foreseeable to Defendants UE and EVSC.  Indeed, it is well known that sexual predators often work or volunteer at schools and daycares in order to have access to children.

372.   Defendants UE's and EVSC's unreasonable and negligent hiring, training, and supervision of their respective employees, servants, and agents, including, but not limited to, Defendant Butler, proximately caused Plaintiffs Haley Kanizar's and D.M.F.'s injuries, losses, and damages.  Specifically, Plaintiff D.M.F. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Haley Kanizar has incurred or will incur medical bills and expenses on behalf of D.M.F., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of D.M.F.

WHEREFORE, Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XLIV

### Vicarious Liability

373.    Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

374.    At all times relevant herein, Defendants UE's and EVSC's respective employees, servants, and agents, including, but not limited to, Defendant Butler, were acting in the course and scope of their employment, authority, and/or agency with Defendant UE and/or Defendant EVSC.

375.    Pursuant to the doctrine of *respondeat superior* and/or agency law principles, Defendant EVSC is vicariously liable for the acts, omissions, and/or conduct in which its employees, servants, and/or agents, including, but not limited to, Defendant Butler, were engaged, while acting in the course and scope of their employment, authority, and/or agency.

376.    In other words, the intentional conduct, the negligent conduct, and the negligence *per se* of Defendant EVSC's employees, servants, and/or agents are imputed to Defendant EVSC.

377.    Likewise, pursuant to the doctrine of *respondeat superior* and/or agency law principles, Defendant UE is vicariously liable for the acts, omissions, and/or conduct in which its employees, servants, and/or agents, including, but not limited to, Defendant Butler, were engaged, while acting in the course and scope of their employment, authority, and/or agency.

378.   In other words, the intentional conduct, the negligent conduct, and the negligence *per se* of Defendant UE's employees, servants, and/or agents are imputed to Defendant UE.

379.   The intentional conduct, the negligent conduct, and the negligence *per se* of Defendant EVSC's and/or Defendant UE's employees, servants, and/or agents, including, but not limited to, Defendant Butler, proximately caused Plaintiffs Haley Kanizar's and D.M.F.'s injuries, losses, and damages.  Specifically, Plaintiff D.M.F. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Haley Kanizar has incurred or will incur medical bills and expenses on behalf of D.M.F., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of D.M.F.

WHEREFORE, Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XLV

### "Common Carrier" Liability

380.    Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

381.    Defendants UE and EVSC assumed a non-delegable duty and heightened responsibility for the protection, care, and safety of the Children, and each of them, when it accepted each of the Children into enrollment at Vogel, and, more particularly, into Vogel's after school daycare program and/or tutoring program.

382.    Each of the Children ceded his own autonomy, and indeed, the responsibility for his own safety and protection, to Defendants UE and EVSC, upon entering into enrollment at Vogel, and, more particularly, into Vogel's after school daycare program and/or tutoring program.

383.    Pursuant to the doctrine of common carrier liability, Defendants UE and EVSC are liable for the acts, omissions, and/or conduct in which its employees, servants, and/or agents, including, but not limited to, Defendant Butler, were engaged while the Children, and each of them, were upon Vogel's campus for school activities, including, more particularly, its after school daycare program and/or tutoring program.

384.    In other words, the intentional conduct, the negligent conduct, and the negligence *per se* of Defendant UE and EVSC's employees, servants, and/or agents are imputed to Defendants UE and EVSC.

385.    The intentional conduct, the negligent conduct, and the negligence *per se* of Defendants UE and EVSC's employees, servants, and/or agents, including, but not limited to, Defendant Butler, proximately caused Plaintiffs Haley Kanizar's and D.M.F.'s injuries, losses, and damages.  Specifically, Plaintiff D.M.F. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Haley Kanizar has incurred or will incur medical bills and expenses on behalf of D.M.F., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of D.M.F.

WHEREFORE, Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XLVI

### Negligent Supervision of Child

386.    Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

387.    At all times relevant, Defendants UE and EVSC undertook the care, custody, and control of each of the Children in the absence of such supervision by each of the Children's own natural or adoptive parent(s).

388.    Defendants UE and EVSC were not any of the Children's legal guardians or custodians.  However, each of these Defendants assumed control of the routine care, oversight, and responsibility for each of the Children while in Vogel's after school daycare program and/or tutoring program.

389.    Pursuant to the doctrine of *in loco parentis*, each of these Defendants put themselves in the situation of a lawful parent by assuming the obligations incident to the parental relation at the time each of the Children was upon Vogel's campus for participation in its after-school daycare program and/or tutoring program.

390.    As such, each of these Defendants had a duty to monitor each of the Children under their supervision, including, but not limited to, Plaintiff D.M.F., with reasonable care, considering their tender age and inability to protect themselves.

391.    Defendants EVSC and UE breached their respective duties by failing to reasonably monitor and supervise each of the Children, including, but not limited to, Plaintiff D.M.F.

392.    These Defendants' failure to reasonably monitor and supervise Plaintiff D.M.F. proximately caused Plaintiffs Haley Kanizar's and D.M.F.'s injuries, losses, and damages.  Specifically, Plaintiff D.M.F. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Haley Kanizar has incurred or will incur medical bills and expenses on behalf of D.M.F., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of D.M.F.

WHEREFORE, Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XLVII

## Sexual Harassment (Title IX)

393.    Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully incorporate herein by this reference the material allegations contained in

paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

394.   On information and belief Defendants UE and EVSC both receive federal funding for support of certain of their respective educational programs.

395.   As such, Defendants UE and EVSC are both subject to the provisions of Title IX of the Education Amendments of 1972, codified at 20 U.S.C. § 1681, *et seq.* ("Title IX").

396.   Sexual misconduct against minors, whether perpetrated by college or public school employees, volunteers, contractors, or other students, constitutes sexual harassment which is recognized and considered as a form of discrimination prohibited by Title IX.

397.   Defendants UE and EVSC failed to provide each of the Children, including, but not limited to, Plaintiff D.M.F., with a safe educational environment.

398.   Defendants UE and EVSC were required under Title IX to investigate allegations of sexual assault, sexual abuse, sexual harassment, and sexual exploitation of its students.

399.   Defendant Butler's conduct and actions toward of the Children, including, but not limited to, Plaintiff D.M.F., constitutes sex discrimination under Title IX.

400.   There is no indication that Defendant UE or Defendant EVSC ever conducted any investigation or took any action to comply with their statutory duty

while the Children were being harassed, assaulted, molested, abused, and exploited by Defendant Butler.

401.   Rather, Defendants UE and EVSC acted with deliberate indifference, meaning that their lack of response to the numerous warning signs were clearly unreasonable in light of the known circumstances.

402.   The failures of Defendants UE and EVSC to promptly and appropriately investigate, remedy, and/or respond to the sexual harassment, assault, molestation, abuse, and exploitation of their minor students, despite having received actual and constructive notice of the same, subjected each of the Children, including, but not limited to, Plaintiff D.M.F., to further harassment and a sexually hostile environment, effectively denying each such child access to effective educational services.

403.   As a proximate result of the foregoing acts, omissions, and/or conduct of Defendants UE and EVSC, Plaintiffs Haley Kanizar and D.M.F. have suffered injuries, losses, and damages.  Specifically, Plaintiff D.M.F. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Haley Kanizar has incurred or will incur medical bills and expenses on behalf of D.M.F., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of D.M.F.

WHEREFORE, Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for reasonable attorney's fees, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XLVIII

### Federal Child Pornography Statutes ("Masha's Law")

404.    Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

405.    18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any minor who is a victim of a violation(s) of 18 U.S.C. §§ 2251, 2252A, and/or 2252 and who suffers personal injury as a result of such violation(s) shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000.00 per pornographic photo obtained and/or maintained in violation of federal law, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

406.    Defendant Butler violated the federal child pornography laws found at 18 U.S.C. §§ 2251, 2252A, and/or 2252.

407.    Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

408.    D.M.F. suffered personal injury as a result of Defendant Butler's violation(s) of 18 U.S.C. §§ 2251, 2252A, and/or 2252.

409.    D.M.F. is, therefore, entitled to recover the actual damages D.M.F. has sustained and will continue to sustain or liquidated damages in the amount of $150,000.00 per pornographic photo obtained and/or maintained in violation of federal law, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

WHEREFORE, Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for reasonable attorney's fees, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT XLIX

### Battery

410.    Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully incorporate herein by this reference the material allegations contained in

paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

411.   Between the dates of August 13, 2021, and December 2, 2021, inclusive, Defendant Butler intentionally, knowingly, and/or recklessly touched D.M.F., in a rude, insolent, or angry manner, without D.M.F.'s permission or authorization.

412.   Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

413.   As a proximate result of Defendant Butler's acts, omissions, and/or conduct, Plaintiffs Haley Kanizar and D.M.F. have suffered injuries, losses, and damages.  Specifically, Plaintiff D.M.F. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Haley Kanizar has incurred or will incur medical bills and expenses on behalf of D.M.F., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of D.M.F.

WHEREFORE, Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result

102

of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

## COUNT L

### Sexual Battery

414.   Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully incorporate herein by this reference the material allegations contained in paragraphs 1 through 45, inclusive, above, the same as if set forth in their entirety in this Count of their Complaint.

415.   Between the dates of August 13, 2021, and December 2, 2021, inclusive, on two (2) or more occasions, Defendant Butler, with intent to arouse or satisfy his own sexual desires, fondled or touched D.M.F.'s genitals.

416.   As a child of only five (5) years of age, D.M.F. was both legally and intellectually incapable of giving consent to such manner of touching.

417.   Defendants UE and EVSC are responsible for Defendant Butler's acts, omissions, and/or conduct pursuant to the doctrine of *respondeat superior* and/or agency law principles.

418.   As a proximate result of Defendant Butler's acts, omissions, and/or conduct, Plaintiffs Haley Kanizar and D.M.F. have suffered injuries, losses, and damages.  Specifically, Plaintiff D.M.F. has undergone or will undergo medical and/or other health care treatment, suffered physical and emotional pain and suffering, mental and emotional anguish, and possible destruction or impairment of his earning capacity.  Plaintiff Haley Kanizar has incurred or will incur medical

bills and expenses on behalf of D.M.F., lost earnings, and suffered the loss of the care, love, affection, companionship, and support of D.M.F.

WHEREFORE, Plaintiffs Haley Kanizar and D.M.F., by counsel, respectfully pray for judgment of and from Defendants Butler, EVSC, and UE, and each of them, for all such amounts as are necessary to fully compensate the said Plaintiffs, and each of them, for their respective injuries, losses, and damages sustained as a result of the foregoing, for punitive damages, for prejudgment interest, for the costs of this action, and for all other relief just and proper in the premises.

Respectfully submitted,

Lane C. Siesky, Atty. No. 21094-53
Daniel B. Gearhart, Atty No. 24194-49
Douglas K. Briody, Of Counsel,
   Atty. No. 17883-82
SIESKY LAW FIRM, PC
4424 Vogel Rd., Suite 405
Evansville, Indiana 47715
Telephone: (812) 402-7700
Fax: (812) 402-7744
lane@sieskylaw.com
dan@sieskylaw.com
doug@sieskylaw.com
ATTORNEYS FOR PLAINTIFFS

<u>DEMAND FOR TRIAL BY JURY</u>

Plaintiffs, by counsel, respectfully request a trial by jury on all counts of this Complaint so triable.

Respectfully submitted,

Lane C. Siesky, Atty. No. 21094-53
Daniel B. Gearhart, Atty No. 24194-49
Douglas K. Briody, Of Counsel,
   Atty. No. 17883-82
SIESKY LAW FIRM, PC
4424 Vogel Rd., Suite 405
Evansville, Indiana 47715
Telephone: (812) 402-7700
Fax: (812) 402-7744
lane@sieskylaw.com
dan@sieskylaw.com
doug@sieskylaw.com
ATTORNEYS FOR PLAINTIFFS

CERTIFICATION OF COMPLIANCE
OF PLEADINGS WITH IND. TRIAL RULE 5(G)

I hereby certify that the foregoing document complies with the requirements of Ind. Trial Rule 5(G) with regard to information excluded from the public record under Ind. Access to Court Records Rule 5.

Lane C. Siesky

105

# CLINICAL EDUCATION AGREEMENT
### *STUDENT TEACHING*

THIS CLINICAL EDUCATION AGREEMENT, ("Agreement") made and entered into, by and between, the EVANSVILLE VANDERBURGH SCHOOL EVSC ("EVSC") and THE UNIVERSITY OF EVANSVILLE, ("UNIVERSITY"),

### WITNESSETH:

WHEREAS, the above parties wish to form a relationship to provide educational experience for one or more students enrolled at (hereafter "Student"), through its teacher education program (the "Program" or "Programs"); and

WHEREAS UNIVERSITY desires to obtain teaching experience for its students enrolled in the University's undergraduate or master's programs ("Students"); and

WHEREAS the EVSC is a public school corporation willing to allow student teaching and practical experience for UNIVERSITY Students; and

WHEREAS pursuant to I.C. 20-26-5-23, UNIVERSITY and EVSC agree to provide UNIVERSITY's Students with training and experience in student teaching at the EVSC's schools.

NOW, THEREFORE, in consideration of the provisions set forth herein, UNIVERSITY and EVSC agree as follows:

1.  **Definitions**
    a.  "Student Teacher" shall mean a student enrolled at and assigned by UNIVERSITY to student teach in the EVSC, as part of the Student's preparation for entering the teaching profession.
    b.  "Student" shall mean a student in a pre-student teaching experience. "Pre-student teaching" shall mean a student enrolled at and assigned by UNIVERSITY to teach for a field experience prior to student teaching, commonly referenced at levels of practicum, participation and observation in the EVSC as part of the requirements for an endorsement, certificate or minor added to the basic license being sought. Pre-student teaching field experiences involve a less than full responsibility for instruction or instruction-related activities.
    c.  "Mentor Teacher" shall mean a teacher in the EVSC to whom students or student teachers are assigned for their field experience(s).
    d.  "University Supervisor" or "Course Instructor" shall mean a designated UNIVERSITY employee in charge of the course of student or specific experience for which the student is assigned to the EVSC.

2.  **Term**
    The term of this Agreement shall be for one (1) year, commencing August 1, 2021 and ending July 31, 2022. This Agreement will automatically renew for two (2) successive one (1) year terms unless terminated in writing by either party at least thirty (30) days prior to the anniversary date.

3.  **Responsibilities of UNIVERSITY**
    UNIVERSITY shall adhere to the EVSC's school calendar and abide by the EVSC's policies, regulations and procedures currently or hereafter adopted by the EVSC to the extent necessary to complete its obligations under this Agreement.
    a.  UNIVERSITY shall collect and review student teacher applications and formally recommend

## EXHIBIT A

only those student teachers who meet the requisite education and training qualifications for placement in the Program. Student teachers must be in good standing and must obtain all required approvals to be recommended.

b. Prior to interaction with EVSC students, All UNIVERSITY employees and students, at their own expense, shall undergo an expanded criminal background check (as defined in I.C. 20-26-2-1.5) as well as Child Protection Index Check. Evaluator(s) shall provide EVSC with proof of clean expanded criminal background checks and clean Child Protection Index Checks.

c. UNIVERSITY shall direct students and student teachers to comply with EVSC's generally applicable policies for faculty and volunteers, including without limitation arrival times, identification policies, dress code and sign-in requirements.

4. **Responsibilities of the EVSC**
   In connection with the Program(s) offered under this Agreement, the EVSC shall:
   a. Consider all student teaching applicants who meet UNIVERSITY's minimum criteria for student teaching.
   b. Provide Mentor Teacher(s), support staff and facilities for student supervision;
   c. Ensure that Mentor Teachers provide appropriate supervision to student teachers and students in pre-student teaching experiences, and treat all as professionals who are expected to follow all EVSC rules and regulations;
   d. Encourage students and student teachers to participate in the availability of in-service education programs;
   e. Provide students and student teachers the same protection against liability arising in connection with their assignments in the EVSC as is provided for members of the EVSC's permanent faculty.
   f. Retain primary responsibility for the educational experience of its pupils and for the orderly conduct of its schools.

5. **Student Assignment**
   Students and student teachers are not officers, employees or agents of EVSC. UNIVERSITY and the EVSC will be jointly responsible for assigning student(s) and student teacher(s), and planning the field experience.
   a. EVSC's administrator or designee shall determine the number of students and student teachers that EVSC can accommodate. EVSC may decline UNIVERSITY's request for placement if positions are not available.
   b. EVSC's administrator or designee shall allocate specific classroom assignment(s) in accordance with UNIVERSITY's guidelines for placement.
   c. Student teachers shall not be permitted to independently arrange any assignment(s) with an EVSC administrator or any Mentor Teacher.

6. **Coordination and Planning**
   The parties shall meet as necessary to plan, evaluate and/or modify the field experience program. The parties shall keep one another informed of changes in supervision, coordination and/or expectations regarding placement or the program.

7. **Student Teaching and Pre-Student Teaching Supervision**
   Students and student teachers shall be subject to the rules and regulations of the EVSC and under the direction and control of the Supervising or Mentor Teacher, principal, and other administrative personnel

while they are on the premises of the EVSC or acting on behalf of the EVSC in locations other than the premises.

    a. The Mentor Teacher may leave the classroom with the Student Teacher in charge of the class for a limited amount of time, but the Mentor Teacher shall, at all times, retain the responsibility for control of the class and the program of instruction.

    b. The Mentor Teacher shall not leave the classroom with the Student(s) in charge of the class.

    c. Students and student teachers who are not licensed shall not be used as a substitute for their Mentor Teacher or for any other licensed personnel.

    d. Mentor Teachers shall submit all required paperwork, including evaluations prescribed by UNIVERSITY in order for the collaboration to be considered final.

The University Supervisor or other designated representative of UNIVERSITY shall have access, at all reasonable times, to visit the classroom(s) to which students and student teachers have been assigned for purposes of observation and supervision.

8. **Responsibilities of the Parties**

During all times that the Parties are operating under this agreement, UNIVERSITY agrees to:

- Maintain its accreditation with appropriate accrediting bodies.
- Retain responsibility for the education of each Student, including assigning one or more appropriately certified Faculty Members who shall coordinate Student practical learning and clinical experiences and assist EVSC in monitoring the quality of the experience provided by Students in accordance with Program expectations. Upon EVSC's written request to UNIVERSITY's Faculty Members, the Faculty members shall provide EVSC with curriculum and course content information.
- Provide EVSC with (i) names and contact information for appropriate Faculty members, (ii) the name and contact information for UNIVERSITY's contact person for purposes of questions and providing notices as set forth herein, and (iii) the name, class level, and educational experience desired for each Student who will be assigned to the Facility.

EVSC shall be responsible for the following:

- EVSC will permit UNIVERSITY to use its facilities as described herein.
- EVSC retains the ultimate responsibility for its students and the related duties.
- EVSC will assist in orienting the faculty members to whatever is necessary to give them a thorough understanding of EVSC's practices used by UNIVERSITY's Students.
- EVSC shall not expect Students to perform over and above the skills needed by Students in the achievement of their educational goals, nor shall any compensation be made to UNIVERSITY, or its Students by EVSC for services provided by Students during their clinical assignments.

9. **Removal by EVSC**

EVSC may remove a student or a student teacher from the Program for violating EVSC rules and regulations or for such actions the EVSC views as detrimental to the students in the classroom. UNIVERSITY personnel will be consulted before final action is taken and adhere to the Policy and Procedures Related to Dismissal from Student Teaching in cases involving student teachers. At the EVSC's request, the EVSC may immediately remove any student or student teacher from all EVSC properties in cases where the EVSC, in its sole discretion, determines that removal of that student or student teacher is in the EVSC's best interests.

10. **Removal by UNIVERSITY**
UNIVERSITY, through its Office of Teacher Education Services and Clinical Practice or other such
designated agent, may immediately remove a student or student teacher from the Program for violating
UNIVERSITY rules and regulations, or if it determines, in its sole discretion, that removal of that student
is in UNIVERSITY's best interests, according to the Policy and Procedures Related to Dismissal from
Student Teaching. UNIVERSITY shall promptly notify EVSC of any such removal.

11. **No Smoking, Drugs, or Alcohol**
All EVSC properties are tobacco-free, drug-free, and alcohol-free zones. Students and student teachers
are prohibited from possessing and/or using any tobacco, drugs, or alcohol on EVSC property.

12. **No Weapons or Firearms**
Except as provided by statute, all EVSC properties are weapons and firearm-free zones. Students and
student teachers are prohibited from possessing on their persons or in their vehicles any weapons or
firearms while on EVSC property.

13. **Technology and Furniture**
In agreement with the EVSC, technology and furniture purchased by UNIVERSITY for the use within a
school and housed within a school, remains UNIVERSITY property.

14. **Family Educational Rights and Privacy Act ("FERPA") Compliance**
Neither party shall disclose any information or records regarding the other's students/student teachers or
their families that the party may learn or obtain in the course of their respective performances under this
Agreement. The parties recognize that the Family Education Rights and Privacy Act (20 U.S.C. § 1232g;
34 CFR Part 99) imposes strict penalties for improper disclosure or re-disclosure of confidential student
information, including but not limited to, personally identifiable information.

Consistent with FERPA requirements, neither party will use any personally identifiable information
acquired from the other for any purpose other than performing the services of functions of this
Agreement. Further, the parties agree that even in circumstances that might justify an exception under
FERPA, neither party may disclose or re-disclose personally identifiable information unless the other has
first authorized such disclosure or re-disclosure in writing.

15. **Cost**
No cost shall be incurred by EVSC.

16. **Termination of Specific Service**
Either party may terminate this Agreement by giving ninety (90) days prior written notice to the
expiration of the then current year of this Agreement. In no event, however, shall this Agreement be
terminated without just cause before all Students in a given class have completed their full student
program, where such Students have started their programs as hereinafter described, during the term of this
Agreement.

17. **Indemnification**
UNIVERSITY shall defend,  indemnify, and hold harmless EVSC, its directors, trustees, agents, officers,
employees, and representatives, of, from, and against all third party claims, liabilities, costs, expenses,
damages and judgments, including reasonable attorneys' fees, incurred by EVSC resulting, directly or
indirectly from the UNIVERSITY's performance, lack of performance, actions or inactions thereunder;
provided, however, that UNIVERSITY shall not be responsible for that part of any damage, liability, cost
or loss

(including reasonable attorneys' fees and expenses) incurred by EVSC which results from the negligence of EVSC.

Likewise, EVSC shall defend, indemnify, and hold harmless UNIVERSITY, its directors, trustees, agents, officers, employees, andrepresentatives, of, from, and against all third party claims, liabilities, costs, expenses, damages and judgments, including reasonable attorneys' fees, incurred by UNIVERSITY resulting, directly or indirectly from the EVSC's performance, lack of performance, actions or inactions thereunder; provided, however, that EVSC shall not be responsible for that part of any damage, liability, cost or loss (including reasonable attorneys' fees and expenses) incurred by UNIVERSITY which results from the negligence of UNIVERSITY.

18. **E-Verify Compliance**
Pursuant to I.C. 22-5-1.7, UNIVERSITY shall enroll in and verify the work eligibility status of all newly hired employees of UNIVERSITY involved in this Agreement through the E-Verify Program (Program). UNIVERSITY is not required to verify the work eligibility status of all newly hired employees through the Program if the Program no longer exists. Also pursuant to I.C. 22-5-1.7, UNIVERSITY must execute an affidavit affirming that the UNIVERSITY does not knowingly employ an unauthorized alien and confirming UNIVERSITY's enrollment in the Program, unless the Program no longer exists, shall be filed with the EVSC prior to the execution of this Agreement. This Agreement shall not be deemed fully executed until such affidavit is delivered to the EVSC.

19. **Relationship of Parties**
Notwithstanding any provision to the contrary contained herein, no relationship of employer and employee is created by this Agreement, it being understood that UNIVERSITY and its agents, Students, and employees will act as independent contractors and shall not have any claim under this Agreement or otherwise against EVSC for vacation pay, sick leave, retirement benefits, Social Security, Workers' Compensation, disability or unemployment insurance benefits or employee benefits of any kind.

20. **Confidentiality**
UNIVERSITY and EVSC recognizes that student records must be kept confidential pursuant to federal and state law and agrees to maintain and preserve such confidentiality at all times.

21. **Liability Insurance**
UNIVERSITY shall carry in its own name, at its own cost, the following insurance or self-insurance:

Comprehensive General Liability Insurance with limits of not less than $1,000,000.00 each occurrence, $2,000,000.00 aggregate.

UNIVERSITY shall furnish EVSC a certificate that the above insurance or self-insurance is at all times in full force and effect. EVSC shall be carried as an additional named insured thereunder and UNIVERSITY shall provide the EVSC proof thereof.

EVSC shall carry in its own name, at its own cost, the following insurance or self-insurance:

Comprehensive General Liability Insurance with limits of not less than $1,000,000.00 each occurrence, $2,000,000.00 aggregate.

EVSC shall furnish UNIVERSITY a certificate that the above insurance or self-insurance is at all times in full force and effect. UNIVERSITY shall be carried as an additional named insured thereunder and EVSC shall provide the UNIVERSITY proof thereof.

22. **EVSC Policies**

UNIVERSITY shall cause all of its agents, employees, personnel, or Students providing services hereunder to observe and comply with all rules, policies, standards and guidelines of the EVSC as may be adopted and amended from time to time by EVSC, including but not limited to procedures for reporting child abuse and neglect and building security issues, in addition to those of UNIVERSITY.

23. **Modification and Waiver**

A modification or waiver of any of the provisions of this Agreement shall be effective only if made in writing and executed with the same formality as this Agreement. A waiver by either party of any breach or default in the performance of any of the provisions of this Agreement on the part of the other shall not constitute a waiver of any subsequent breach or default on the part of either party.

24. **Severability; Invalid Provisions Inapplicable**

If any provision of this Agreement is contrary to, prohibited by, or deemed invalid under applicable laws or regulations of any jurisdiction in which it is sought to be enforced, then such provision shall be deemed inapplicable and deemed omitted, but shall not invalidate the remaining provisions hereof.

25. **Assignment**

The parties agree that the duties to be performed hereunder by UNIVERSITY are professional in nature, and that this Agreement may not be assigned by UNIVERSITY, nor its duties delegated to others, without the advanced written consent of EVSC.

26. **Notices**

All notices to be given under this Agreement shall be in writing and shall be deemed to have been given and served when delivered in person or mailed, postage pre-paid, to the addressee party at the following addresses:

For EVSC:
Velinda Stubbs, Deputy Superintendent of Teaching and Learning
Evansville Vanderburgh EVSC
951 Walnut Street
Evansville, IN 47713

For UNIVERSITY:
Sharon Gieselmann, Department Chair
University of Evansville
1800 Lincoln Avenue
Evansville, IN 47722

27. **Choice of Law and Venue**

Any dispute that arises out of or relating to the terms of this Agreement shall be brought in the Superior or Circuit Court of Vanderburgh County, Indiana or in the Federal District Court for the Southern District of Indiana, Evansville Division.  The law of the State of Indiana shall govern any dispute.

28. **Successors**

All the obligations, conditions, terms and provisions of this Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their heirs, administrators, executors, successors, permitted assigns, subsidiaries, officers, directors and employees.

29. **Entire Agreement**

This Agreement contains the entire understanding of the parties, and there are no representations, warranties, covenants or understandings other than those expressly set forth herein.

EVANSVILLE VANDERBURGH SCHOOL CORPORATION

By:

David B. Smith

Its:   Superintendent


By:

Sharon Gieselmann
Department Chair, School of Education
University of Evansville

Its: