UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ASHLEE E. PADGETT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-00071-MPB-CSW |
| ) | |
| JACOB CARL BUTLER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS EVANSVILLE VANDERBURGH SCHOOL CORPORATION AND THE EVANSVILLE VANDERBURGH SCHOOL CORPORATION BOARD OF TRUSTEES' STATEMENT OF DEFENSES**

Pursuant to the First Amended Case Management Plan [Dkt. 128], each party bearing burden of proof for any claim or defense must file statements of claims or defenses it intends to prove at trial by February 16, 2024. Defendants Evansville Vanderburgh School Corporation and the Evansville Vanderburgh School Corporation Board of Trustees (collectively, "EVSC") has yet to file its Answer pending a ruling on its Motion to Dismiss [Dkt. 32]. Nonetheless, EVSC has identified defenses it expects it may employ should the case proceed. As discovery is ongoing and dispositive motions are pending, EVSC respectfully requests to reserve the right to supplement the following statements of EVSC's defenses for which it bears the burden of proof should discovery or court orders completed or issued after this date permit such.

Defendants Evansville-Vanderburgh School Corporation and the Evansville-Vanderburgh School Corporation Board of Trustees submit the following statement of defenses:

1

1. *Plaintiffs' Claims Against EVSC are Barred by the Indiana Tort Claims Act.*

   EVSC is a governmental entity, specifically a school corporation, subject to the provisions of the Indiana Tort Claims Act under Ind. Code § 34-13-3 *et seq.* Plaintiffs bear the burden of proof for establishing EVSC's liability for each of their causes of action in tort, including but not limited to Plaintiffs' non-contribution to their alleged injuries or damages. EVSC has immunity under the ITCA, and Defendant Butler is not an EVSC employee or agent under the ITCA.

2. *Plaintiffs fail to state a cause of action of Negligence* per se *because there was no employment or agency relationship between EVSC and Defendant Butler.*

   Plaintiffs bear the burden of proof for establishing EVSC's liability for each of their causes of action in tort. EVSC will assert in its defense that a lack of employment or agency relationship between EVSC and Defendant Butler renders this cause of action insufficiently proven by Plaintiffs.

3. *Plaintiffs fail to state a cause of action of Negligence because there was no employment or agency relationship between EVSC and Defendant Butler.*

   Plaintiffs bear the burden of proof for establishing EVSC's liability for each of their causes of action in tort. EVSC will assert in its defense that a lack of employment or agency relationship between EVSC and Defendant Butler renders this cause of action insufficiently proven by Plaintiffs.

4. *Plaintiffs fail to state a cause of action of Assumed Duties of Care because there was no employment or agency relationship between EVSC and Defendant Butler.*

Plaintiffs bear the burden of proof for establishing EVSC's liability for each of their causes of action in tort. EVSC will assert in its defense that a lack of employment or agency relationship between EVSC and Defendant Butler renders this cause of action insufficiently proven by Plaintiffs.

5. *Plaintiffs fail to state a cause of action of Negligent Infliction of Emotional Distress because there was no employment or agency relationship between EVSC and Defendant Butler, and Plaintiff parents are too remote from the tort.*

Plaintiffs bear the burden of proof for establishing EVSC's liability for each of their causes of action in tort. EVSC will assert in its defense that a lack of employment or agency relationship between EVSC and Defendant Butler, paired with Plaintiff parents' remoteness from Defendant, renders this cause of action insufficiently proven by Plaintiffs.

6. *Plaintiffs fail to state a cause of action of Intentional Infliction of Emotional Distress because there was no employment or agency relationship between EVSC and Defendant Butler.*

Plaintiffs bear the burden of proof for establishing EVSC's liability for each of their causes of action in tort. EVSC will assert in its defense that a lack of employment or agency relationship between EVSC and Defendant Butler renders this cause of action insufficiently proven by Plaintiffs.

7. *Plaintiffs fail to state a cause of action of Invasion of Privacy because there was no employment or agency relationship between EVSC and Defendant Butler.*

Plaintiffs bear the burden of proof for establishing EVSC's liability for each of their causes of action in tort. EVSC will assert in its defense that a lack of employment or agency relationship between EVSC and Defendant Butler renders this cause of action insufficiently proven by Plaintiffs.

8. *Plaintiffs fail to state a cause of action of Negligent Hiring, Training, and Supervision because there was no employment or agency relationship between EVSC and Defendant Butler.*

Plaintiffs bear the burden of proof for establishing EVSC's liability for each of their causes of action in tort. EVSC will assert in its defense that a lack of employment or agency relationship between EVSC and Defendant Butler renders this cause of action insufficiently proven by Plaintiffs.

9. *Plaintiffs fail to state a cause of action of any theory of Vicarious Liability because there was no employment or agency relationship between EVSC and Defendant Butler.*

Plaintiffs bear the burden of proof for establishing EVSC's liability for each of their causes of action in tort. EVSC will assert in its defense that a lack of employment or agency relationship between EVSC and Defendant Butler renders this cause of action insufficiently proven by Plaintiffs.

10. *Plaintiffs fail to state a cause of action under common carrier liability because there was no employment or agency relationship between EVSC and Defendant Butler, and the contract at issue does not establish Defendant Butler as an EVSC employee.*

Plaintiffs bear the burden of proof for establishing EVSC's liability for each of their causes of action in tort. EVSC will assert in its defense that a lack of employment

or agency relationship between EVSC and Defendant Butler, paired with the express terms of the contract Plaintiffs allege to be at issue, renders this cause of action insufficiently proven by Plaintiffs.

11. *Plaintiffs fail to state a cause of action of Negligent Supervision of a Child because they cannot satisfy the elements.*

Plaintiffs bear the burden of proof for establishing EVSC's liability for each of their causes of action in tort. EVSC will assert in its defense that any allegation of duty, breach, causation, or damages fails to rise to the level necessary to sufficiently prove this cause of action.

12. *Plaintiffs fail to state a cause of action under Title IX because there was no employment or agency relationship between EVSC and Defendant Butler.*

Plaintiffs bear the burden of proof for establishing EVSC's liability for each of their causes of action in tort. EVSC will assert in its defense that a lack of employment or agency relationship between EVSC and Defendant Butler renders this cause of action insufficiently proven by Plaintiffs.

13. *Plaintiffs fail to state a cause of action under "Masha's Law" because there was no employment or agency relationship between EVSC and Defendant Butler.*

Plaintiffs bear the burden of proof for establishing EVSC's liability for each of their causes of action in tort. EVSC will assert in its defense that a lack of employment or agency relationship between EVSC and Defendant Butler renders this cause of action insufficiently proven by Plaintiffs.

14. *Plaintiffs fail to state a cause of action of Battery because there was no employment or agency relationship between EVSC and Defendant Butler.*

Plaintiffs bear the burden of proof for establishing EVSC's liability for each of their causes of action in tort. EVSC will assert in its defense that a lack of employment or agency relationship between EVSC and Defendant Butler renders this cause of action insufficiently proven by Plaintiffs.

15. *Plaintiffs fail to state a cause of action of Sexual Battery because there was no employment or agency relationship between EVSC and Defendant Butler.*

Plaintiffs bear the burden of proof for establishing EVSC's liability for each of their causes of action in tort. EVSC will assert in its defense that a lack of employment or agency relationship between EVSC and Defendant Butler renders this cause of action insufficiently proven by Plaintiffs.

16. *Defendant Butler acted outside the scope of any authorized duties at and/or for EVSC.*

17. *EVSC had no knowledge or warning of Defendant Butler's criminal or harmful conduct.*

18. *Defendant University of Evansville conducted background checks of Defendant Butler.*

19. *EVSC had no actual knowledge of Defendant Butler's misconduct and no agency relationship exists for Title IX purposes.*

20. *Lack of standing of Defendants under 18 U.S.C. § 2255.*

21. *Lack of standing of Plaintiff Parent Haley Kanizar as to battery and sexual battery.*

22. *No relationship exists between EVSC and Defendants for common carrier liability.*

        Respectfully submitted,
        **ZIEMER STAYMAN WEITZEL & SHOULDERS, LLP**

By: */s/ Logan T. Tedrow*
    Patrick A. Shoulders #308-82
    Robert L. Burkart #16664-82
    Logan T. Tedrow #37590-53
    20 NW First Street, 9th Floor
    PO Box 916
    Evansville, Indiana 47706-0916
    Phone: (812) 424-7575
    Fax: (812) 421-5089
    Email: pshoulders@zsws.com; rburkart@zsws.com; ltedrow@zsws.com
    *Attorneys for Defendants EVSC and Board of Trustees of EVSC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2024, a copy of the foregoing was served via the ECF to all counsel of record.

| | |
|---|---|
| Lane C. Siesky, Esq. | Mark K. Phillips, Esq. |
| Daniel B. Gearhart, Esq. | Brennan M. Phillips, Esq. |
| Douglas K. Briody, *Of Counsel* | M. Robert Phillips, Esq. |
| lane@sieskylaw.com | mphillips@phillipslawpc.com |
| dan@sieskylaw.com | |
| doug@sieskylaw.com | |
| | |
| William D. Shultz | Emily A. Sample |
| Ryan C. Wallis | MG+M THE LAW FIRM |
| MG+M THE LAW FIRM | esample@mgmlaw.com |
| wshultz@mgmlaw.com | |
| | |
| Carrie Mount Roelle | |
| KAHN DEES DONOVAN & KAHN, LLP | |
| croelle@kddk.com | |

        */s/ Logan T. Tedrow*
        Logan T. Tedrow