UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ASHLEE E. PADGETT, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 3:23-cv-00071-MPB-CSW |
| JACOB CARL BUTLER, et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER ON <u>FOURTH</u> AMENDED CASE MANAGEMENT PLAN**

**I.     Parties and Representatives**

A.   Ashlee E. Padgett -                          Plaintiff
     B.L.H., a Minor -                            Plaintiff
     Casey A. Boyer -                            Plaintiff
     Kristy A. Martin -                            Plaintiff
     S.A.B., a Minor -                            Plaintiff
     Sean R. Giolitto -                            Plaintiff
     Christopher S. Pentecost -              Plaintiff
     N.C.G., a Minor -                            Plaintiff
     Haley Kanizar -                              Plaintiff
     D.M.F., a Minor -                            Plaintiff

Lane C. Siesky
Daniel B. Gearhart
Douglas K. Briody, *Of Counsel*
SIESKY LAW FIRM, PC
4424 Vogel Rd., Suite 405
Evansville, IN 47715
TEL: (812) 402-7700
FAX: (812) 402-7744
EMAIL:    lane@sieskylaw.com
                dan@sieskylaw.com
                doug@sieskylaw.com

B. Jacob Carl Butler –                                             Defendant

   Mark K. Phillips, Esq.
   PHILLIPS LAW, P.C.
   301 W. Main Street
   P.O. Box 427
   Boonville, IN 47601
   TEL: (812) 897-4400
   FAX: (812) 897-4451
   EMAIL:     mphillips@phillipslawpc.com

C. Evansville-Vanderburgh School Corporation –          Defendant
   Board of Trustees of Evansville-Vanderburgh School
   Corporation –                                                    Defendant

   Patrick A. Shoulders, Esq.
   Robert L. Burkart, Esq.
   Logan T. Tedrow, Esq.
   ZIEMER STAYMAN WEITZEL & SHOULDERS
   P.O. Box 916
   Evansville, IN 47706
   TEL: (812) 424-7575
   FAX: (812) 421-5089
   EMAIL: pshoulders@zsws.com
          rburkart@zsws.com
          ltedrow@zsws.com

D. University of Evansville –                                    Defendant
   University of Evansville Board of Trustees –          Defendant

   Carrie Mount Roelle, Esq.
   KAHN, DEES, DONOVAN & KAHN, LLP
   501 Main Street, Suite 305
   P.O. Box 3646
   Evansville, IN 47735-3646
   TEL: (812) 423-3183
   FAX: (812) 423-6066
   EMAIL: croelle@kddk.com

   William Shultz, Jr., Esq.
   Ryan C. Wallis, Esq.
   MG+M THE LAW FIRM
   1405 Green Mount Rd., Suite 400
   O'Fallon, IL 62269
   TEL: 618-277-5500
   FAX: (618) 607-5299
   EMAIL: wshultz@mgmlaw.com
          rwallis@mgmlaw.com

   Emily A. Sample, Esq.
   MG+M THE LAW FIRM
   1 South Dearborn Street, Suite 1500
   Chicago, IL 60603
   TEL: (312) 625-4995
   FAX: (312) 291-9369
   EMAIL: esample@mgmlaw.com

  E.  Brett L. Hawkins –            Defendant

     2613 Cass Ave.
     Evansville, IN 47714

  F.  Day-Drian M. Franklin –          Defendant

     741 Bayard Park Dr., Apt. A
     Evansville, IN 47713

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**I.**  **Jurisdiction and Statement of Claims**

  A.  This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331.

  B.  *Plaintiffs' Statement of Claims:*

    This case involves state and federal claims that a former UE student, Defendant Butler, a tutor at Vogel Elementary School (an EVSC school) pursuant to a contract between UE and EVSC and that, while in the course and scope of said tutoring, Defendant Butler followed young boys into the school bathroom, took pictures of the children and their genitals, and touched them on their genitals. Defendant Butler exploited unique institutional prerogatives of his position of trust to sexually assault, harass, and exploit the children. Defendants UE and EVSC placed Defendant Butler in a position of trust with respect to children at Vogel school, including the Plaintiff children. These unconscionable acts occurred over a long period of time. As a result, the children and their parents have been damaged greatly

  C.  *Defendant Jacob Carl Butler's Statement of Claims or Defenses:*

    Defendant, Jacob Butler, denies the Plaintiffs' allegations, dispute liability and damages, and assert various affirmative defenses in his respective answers. These defenses include, among others, that Defendant Butler does not have liability to the Plaintiffs. Defendant Butler was not convicted of touching or sexually assaulting the children and therefore denies any claim and allegation Plaintiffs make alleging otherwise. Defendant Butler also asserts counterclaims of negligent supervision and failure to exercise due care and caution by other Defendants, other parties and the Plaintiffs. All issues remain under investigation and will be explored through discovery.

    D.    ***Defendants Evansville-Vanderburgh School Corporation and Board of School Trustees of the Evansville-Vanderburgh School Corporation's Statement of Claims or Defenses:***

Defendants deny Plaintiffs' claims and damages, and assert that they are not liable for any tortious or criminal conduct of Defendant University of Evansville's student under any legal theory, including respondeat superior, common carrier, and agency law. Defendants will assert affirmative defenses as to the same, including the contract between Defendant University of Evansville and Defendants provides that Defendant University of Evansville's student was not an EVSC employee.

    E.    ***Defendants University of Evansville and University of Evansville Board of Trustees' Statement of Claims or Defenses:***

Defendants deny Plaintiffs' allegations, dispute liability and damages, and assert various affirmative defenses in their respective answers. These defenses include, among others, that the University defendants do not have liability for the actions of Butler under respondeat superior, common carrier, and agency principles. In addition, the University Defendants assert counterclaims of negligent supervision and failure to comport in accordance with contract against the EVSC. All issues remain under investigation and will be explored in more detail through discovery.

    F.    ***Defendant Brett L. Hawkins' Statement of Claims or Defenses:***

    G.    ***Defendant Day-Drian M. Franklin's Statement of Claims or Defenses:***

**II.**    **Pretrial Pleadings and Disclosures**

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **July 7, 2023**.

    B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before **July 14, 2023**.

    C.    Defendant(s) shall file preliminary witness and exhibit lists on or before **July 21, 2023**.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **August 25, 2023**.

    E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **July 14, 2023**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto **within 21 days after receipt of the demand**. The parties shall forward copies of their settlement demands and responses when made to Magistrate Judge Crystal S. Wildeman at CSW_settlement@insd.uscourts.gov.

F.     Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C) on or before **October 21, 2024**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C) on or before **November 21, 2024**. Plaintiff(s) shall disclose any expert rebuttal opinions by **December 4, 2024**.

G.     Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 90 days prior to the dispositive motion deadline**. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.     Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **February 14, 2025**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.     All parties shall file and serve their final witness and exhibit lists on or before **October 14, 2024**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony. The final witness list must identify each potential witness **by name** and include a brief synopsis of each witness's expected testimony. The final exhibit list must precisely identify, preferably **by Bates number**[1], each specific document that may be offered at the trial of this matter. No individual not identified by name in the final witness list may testify at the trial of this matter. No document not expressly identified in the final exhibit list may be offered into evidence at trial.[2]

J.     Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.     <u>Discovery of electronically stored information ("ESI")</u>. Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information will be produced in hard copy (printed), .pdf, or its native format at the discretion of the

---

[1] If the documents in question are not Bates numbered, the party should identify the documents by date and description and include therein the number of pages of each document, and shall immediately comply with the request of any party to be provided with a copy of that specific document, whether or not the document has been previously produced. Copies of previously produced documents identified by Bates number in the final exhibit list need not be produced.

[2] If a party identifies a possible witness or exhibit that may be used at trial after the deadline set forth in this paragraph, that party shall immediately file a motion for leave to amend their final witness and/or exhibit list, and shall identify therein when the witness or exhibit was first identified and explain why that witness or exhibit could not have been identified prior to the deadline set forth in this paragraph.

producing party. If a party determines in good faith that it is unable to adequately review any ESI produced in other than its native format, it may request the production of the ESI in its native format, in which event the information will then be produced in its native format.

Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions apply:

    (a)  To the extent that the parties request emails, meta data, files or copies of documents, the parties agree that such responses shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the responses;

    (b)  To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the Court shall decide which party must bear the cost of the examination. Any such examination of the device or component shall occur at a mutually agreeable time and in a commercially reasonable manner.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The inadvertent or unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

Preservation of Data. The parties will make every effort to preserve all electronic data relevant to either party's claims or defenses.

### III.    Discovery[3] and Dispositive Motions

    A.   Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? **Yes.**

*Defendant Jacob Carl Butler's Statement Regarding Dispositive Motions*:

Defendant Butler believes summary judgment and dispositive motions are appropriate as to the claims and theories of liability raised by Plaintiffs. Defendant Butler denies Plaintiffs' allegations, disputes liability and damage and asserts affirmative defenses in his respective answer, many of which may be

---

[3] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

appropriate for summary judgment. Further, Defendant Butler asserts counterclaims which may also be appropriate for summary judgment.

***Defendant Evansville-Vanderburgh School Corporation's Statement Regarding Dispositive Motions:***

Defendants believe dispositive motions are appropriate as to the claims and theories of liability raised by Plaintiffs, including respondeat superior, common carrier, and agency law. Plaintiff intends to file a motion to dismiss and/or motion for summary judgment on all claims and theories, including whether Plaintiff have standing to assert individual claims for relief under Title IX, battery, and claims under the pornography related statutes.

***Defendant University of Evansville and University of Evansville Board of Trustees' Statement Regarding Dispositive Motions:***

Yes, this case is appropriate for summary judgment and other dispositive motions may apply. Defendants have a pending motion to dismiss certain counts as the University Defendants do not have liability for the actions of Butler under respondeat superior, common carrier, and agency principles. Further, Defendants deny Plaintiffs' allegations, dispute liability and damages, and assert various affirmative defenses in their respective answers, many of which may be appropriate for summary judgment. In addition, the University Defendants assert counterclaims of negligent supervision and failure to comport in accordance with contract against the EVSC, which may also be appropriate for summary judgment. All issues remain under investigation and will be explored in more detail through discovery.

B. On or before **February 16, 2024,** and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. A party's failure to file a timely statement of claims or defenses may result in the waiver of the party's claims or defenses. A party's failure to include in the party's statement of claims or defenses a claim or defense upon which the filing party has the burden of proof may result in the waiver of the omitted claim or defense.

C. Dispositive motions are expected and shall be filed by **June 21, 2024**; non-expert witness discovery and discovery relating to liability issues shall be completed by **May 24, 2024**; all remaining discovery shall be completed by **January 31, 2025**.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

IV. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in January, 2024.

V. **Trial Date**

This matter will be ready for trial in or after **May, 2025**. The trial is by **Jury** and is anticipated to take **ten (10) days**.

VI. **Referral to Magistrate Judge**

   A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

   B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VII. **Required Pre-Trial Preparation**

   A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

      1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

      2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

      3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

      4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

         a. brief written summaries of the relevant facts in the depositions that

will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

  b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## VIII. Other Matters

None.

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED AS AMENDED.**

Date: July 24, 2024

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.