UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ASHLEE E. PADGETT, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) )  No. 3:23-cv-00071-MPB-CSW |
| JACOB CARL BUTLER, et al., | ) ) ) |
| Defendants. | ) |

**<u>Order on Defendants' Motion for Insurance Representative to Appear by Telephone at Settlement Conference</u>**

This matter comes before the Court on the Defendants Evansville-Vanderburgh School Corporation and Board of School Trustees of the Evansville-Vanderburgh School Corporation (the "EVSC Defendants") *Unopposed Motion for Insurance Representative to Appear by Telephone at Settlement Conference* (the "*Motion*"). (Dkt. 300). EVSC Defendants seek leave of this Court's Settlement Conference Scheduling Order ("Order") to permit its designated insurance representative to dial into the April 25, 2025, settlement conference from his family vacation via telephone. The Court, being duly advised, now **DENIES** the *Motion*.

Federal Rule of Civil Procedure 16(c) provides that, "the court may require that a party or its representative be present [at conferences] . . . to consider possible settlement." The district court holds the "inherent authority to preserve the efficiency . . . of the judicial process." *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 652 (7th Cir. 1989). That authority includes the power to "direct that . . . a responsible representative of the parties be present," recognizing that, "depend[ing] on the circumstances," the representative could be "an officer of a corporate party." Fed. R. Civ. P. 16(c) advisory committee's note to 1993 amendment.

While the Court may order certain individuals – even officers or executives – to attend a settlement conference in person, the Court's Order does not mandate

any certain individual or corporate officer attend the settlement conference. (*See* Dkt. 282). Instead, the Order mandates that Defendants attend the settlement conference in person at the federal courthouse with a client representative(s) with "complete authority to negotiate and communicate a settlement." (*Id.*).

The *Motion* informs that EVSC Defendants' insurance adjuster resides in the state of Kentucky and "will be on a previously scheduled family vacation in South Dakota on the date of the settlement conference." EVSC Defendants request leave of the Order to permit him to "attend" and participate in the settlement conference via telephone. (Dkt. 300).

EVSC's *Motion* does not suggest that Defendants' insurance adjuster is the only authorized person to negotiate on behalf of EVSC and the insurer. Nor could it. Both EVSC and its insurer likely have other capable representatives with complete authority. In considering the *Motion*, the Court is also mindful that the undersigned held a prior settlement conference in this case at the parties' request, which unfortunately was unsuccessful in achieving resolution.

Too, time is running short on this case. Trial is less than thirty days away, and the final pretrial conference is set for April 15, 2025. (Dkt. 222). The parties were reminded of the in-person requirement not only in the Court's Order but also at the time the parties scheduled the settlement conference. A settlement conference requires concentrated focus and participation by all for the duration of the proceeding to have the best possible opportunity to resolve the case. The representative who has complete settlement authority to accept and/or reject offers needs to be in the room. Therefore, the *Motion* is **DENIED**.

**So ORDERED**.

Date: April 8, 2025

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distributed electronically to all ECF-registered counsel of record.