UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ASHLEE E. PADGETT, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:23-cv-00071-MPB-CSW |
| | ) |
| JACOB CARL BUTLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' SUPPLEMENTAL AUTHORITY FOR**
**USE OF DEPOSITIONS AT TRIAL**

The Plaintiffs, by counsel, Siesky Law Firm, PC, and pursuant to Federal Rule of Civil Procedure 32(a)(3) and Federal Rule of Civil Procedure 32(a)(4), hereby provide supplemental authority for use of depositions at trial.

Plaintiffs have previously notified the Court of their intention to use the video recording of the deposition of **Defendant Jacob Carl Butler** at trial. Moreover, Plaintiffs previously notified the Court that Plaintiff's expert, **Staci B. Weiner, Psy.D., APIT**, is expected to testify live, but, in the event that she becomes unavailable to appear, Plaintiffs intend to read here complete deposition at trial. The basis for using the depositions is addressed separately below:

**Defendant Jacob Carl Butler's Video-taped Deposition**

1. Use of Defendant Butler's deposition is governed by Fed. R. Civ. P 32(a)(3) which states, "An adverse party may use <u>for any purpose</u> the deposition of a party…." *Id.* (<u>emphasis added</u>).

2. In the case of *Pingatore v. Montgomery Ward and Company, Inc., v. F. W. Woolworth Company*, 419 F.2d 1138 (6th Cir. 1969), the Court held that Fed. R. Civ. P 32(a)(3) (formerly Fed. R. Civ. P 26(d)(2)) "permits the deposition of a party to a suit to be used by an

adverse party for any purpose at trial, even though the party was present at the trial and testified orally." *Id.* at 1142. (citing 4 Moore's Federal Practice, P26.29, *Pfotzer v Aqua Systems, Inc.*, 162 F.2d 779 (2nd Cir. 1947) and *Merchants Motor Freight, Inc. v. Downing*, 227 F.2d 247 (8th Cir. 1955).

      3.      The Court's trial procedure handbook, "*Practices and Procedures Before Judge Matthew P. Brookman*", section III(G)(5), states, "If a video deposition is to be shown at trial, both the video and the original transcript of the deposition (with the portions to be shown marked) shall be marked and offered as exhibits, but shall not be included with the exhibits provided to the jury for its deliberations."

      4.      Use of Defendant Butler's deposition is allowed by the Federal Rules of Civil Procedure and Plaintiffs wish to do so at trial.

**The Deposition of Expert, Staci B. Weiner, Psy.D., APIT**

      1.      The use of Dr. Weiner's deposition is governed by Fed. R. Civ. P 32(a)(4) which states, "A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:….(B) that the witness is more than 100 miles from the place of hearing or trial…."

      2.      Plaintiffs intend to have Dr. Weiner testify live at trial and her attendance at trial has been confirmed. However, she is located in Palm Beach Gardens, Florida (more than 100 miles from Evansville, Indiana), and she has an active practice in that location where she routinely examines and treats patients. In the event of an emergency or other events that render her attendance at trial impossible or impracticable, Plaintiffs wish to read her deposition into the record at trial.

3. The Court's trial procedure handbook, "*Practices and Procedures Before Judge Matthew P. Brookman*", section III(G)(10), states, "Medical experts who routinely examine and treat patients in their practices and who have been deposed in a case will be presumed "unavailable" for in-court testimony under Fed. R. Civ. P 32(a)(4) so that their deposition testimony may be offered into evidence at trial in that case by any party."

4. While the likelihood of needing to read Dr. Weiner's deposition testimony into evidence is low, out of an abundance of caution, Plaintiffs hereby provide notice that the reading of her deposition may become necessary and is justified according to the Federal Rules of Civil Procedure and the Court's trial procedure handbook.

Respectfully submitted,

*s/ Lane C. Siesky*
Lane C. Siesky, Atty. No. 21094-53
Daniel B. Gearhart, Atty No. 24194-49
Robert T. Garwood, Atty. No. 32223-49
Douglas K. Briody, *Of Counsel*,
   Atty. No. 17883-82
SIESKY LAW FIRM, PC
4424 Vogel Rd., Suite 405
Evansville, Indiana 47715
Telephone: (812) 402-7700
Fax: (812) 402-7744
lane@sieskylaw.com
dan@sieskylaw.com
robert@sieskylaw.com
doug@sieskylaw.com
ATTORNEYS FOR PLAINTIFFS

3

## CERTIFICATE OF SERVICE

  I hereby certify that on April 18, 2025, a copy of the foregoing *Plaintiffs' Notice of Intended Use of Depositions at Trial* was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

| | |
|---|---|
| Mark K. Phillips<br>*mphillips@phillipslawpc.com* | Patrick A. Shoulders<br>*pshoulders@zsws.com* |
| Robert L. Burkart<br>*rburkart@zsws.com* | |

                 *s/ Lane C. Siesky*
                 Lane C. Siesky
                 SIESKY LAW FIRM, PC
                 4424 Vogel Rd., Suite 405
                 Evansville, Indiana 47715
                 Telephone: (812) 402-7700
                 Fax: (812) 402-7744
                 lane@sieskylaw.com
                 ATTORNEYS FOR PLAINTIFFS